Christopher J. Seusing *(Pro Hac Vice Admission Forthcoming)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

*Attorneys for Defendant,*
*EXER HOLDING COMPANY, LLC*

*WOOD, SMITH, HENNING & BERMAN LLP*
*Attorneys at Law*
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK GAIGE, *on behalf of himself and all others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>EXER HOLDING COMPANY, LLC,<br><br>    Defendant. | Case No. 2:24-CV-06099-SPG-AJR<br><br>*(The Honorable Sherilyn Peace Garnett, Presiding, Courtroom 5C)*<br><br>**DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS AND MEMORANDUM OF POINTS AND AUTHORITIES HERETO**<br><br>Date:      January 15, 2025<br>Time:     1:30 p.m.<br>Courtroom: 5C<br>Judge:    Sherilyn Peace Garnett<br><br>Class Action Complaint Filed: July 19, 2024<br>*[Filed Concurrently with (Proposed) Order]* |

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION .................................................................................. 1

II.   STATEMENT OF RELEVANT FACTS ............................................... 1

III.  THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO ...................................................................................................... 2

RULE 12(B)(1) ............................................................................................ 2

IV.   THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO ...................................................................................................... 3

RULE 12(B)(6) ............................................................................................ 3

    A.    Plaintiff's Complaint is time barred. ...................................... 3

    B.    Plaintiff's claims are premised on outdated legal authority. .................. 6

    C.    The alleged information transmitted is not personally identifiable ..................................................................................... 7

    D.    Plaintiff's ECPA claim is legally deficient ............................. 9

        1.    The Party Exception applies ...................................... 10

        2.    The Crime-Tort Exception is inapplicable .................. 11

    E.    Plaintiff's CIPA claim is legally deficient .............................. 14

    F.    Plaintiff's CMIA claim is legally deficient ............................. 14

    G.    Plaintiff's Constitutional privacy claim is legally deficient ............. 16

    H.    Plaintiff's common law invasion of privacy claim is legally deficient ........................................................................................... 18

    I.    Plaintiff's unjust enrichment claim is legally deficient ...................... 19

V.    PLAINTIFF'S CLASS DEFINITION IS OVERLY BROAD. .................... 21

    A.    This Court can strike class allegations and compel Plaintiff to amend the class definition at the pleading stage. ..................... 21

    B.    Plaintiff fails to satisfy the Rule 23(a) and (b) requirements.............. 21

    C.    The proposed class is not ascertainable ................................. 24

VI.   CONCLUSION .................................................................................. 25

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-ii-

# **TABLE OF AUTHORITIES**

**CASE**                                                                                                    **PAGE**

*AdTrader, Inc. v. Google LLC,*
No. 17-CV-07082-BLF, 2020 WL 1922579 (N.D. Cal. Mar. 24, 2020) ..........23

*Am. Hosp. Ass'n v. Becerra,*
No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024)............6, 7

*Anderson v. Apple Inc.,*
500 F. Supp. 3d 993 (N.D. Cal. 2020)......................................................20,21

*Balanzar v. Fid. Brokerage Servs., LLC,*
654 F. Supp. 3d 1075 (S.D. Cal. 2023) ...........................................14

*B.K. v. Eisenhower Med. Ctr.,*
No. EDCV 23-2092 JGB (KKx), 2024 WL 878100 (C.D. Cal. Feb. 29, 2024)
.................................................................................................*passim*

*Brown v. Google LLC,*
525 F. Supp. 3d 1049 (N.D. Cal. 2021)............................................18

*Carrera v. Bayer Corp.,*
727 F.3d 300 (3d Cir.2013) ...........................................................25

*Cain v. State Farm Mut. Auto. Ins. Co.,*
62 Cal. App. 3d 310 (1976) ...........................................................17

*Cousin v. Sharp Healthcare,*
No. 22-CV-2040-MMA-DDL, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023) 17

*Crim. Prods., Inc. v. Doe-72.192.163.220,*
No. 16-CV-2589 WQH (JLB), 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016) 7

*Daniel F. v. Blue Shield of California,*
305 F.R.D. 115 (N.D. Cal. 2014) ...................................................24

*Doe I v. Google LLC,*
No. 23-CV-02431-VC, 2023 WL 6882766 (N.D. Cal. Oct. 18, 2023)............10,12

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

*Doe v. Amgen, Inc.,*
No. 2:23-CV-07448-MCS-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) ...................................................................................................................13

*Doe v. Davita Inc.,*
No. 23-CV-01424-AJB-BLM, 2024 WL 1772854 (S.D. Cal. Apr. 24, 2024) .16

*Doe v. Kaiser Found. Health Plan, Inc.,*
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) .........11

*Doe v. Regents of Univ. of California,*
672 F. Supp. 3d 813 (N.D. Cal. 2023)...............................................................18

*Esparza v. Gen Digital Inc.,*
No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024).....18

*Heerde v. Learfield Commc'ns, LLC,*
No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874 (C.D. Cal. July 19, 2024) ................................................................................................................8,9

*Henson v. Fid. Nat. Fin. Inc.,*
300 F.R.D. 413 (C.D. Cal. 2014)........................................................................25

*Hernandez v. Hillsides, Inc.,*
47 Cal. 4th 272, 97 Cal.Rptr.3d 274, 211 P.3d 1063 (2009)............................18

*Hexcel Corp. v. Ineos Polymers, Inc.,*
681 F.3d 1055 (9th Cir. 2012) .............................................................................5

*In re Animation Workers Antitrust Litig.,*
123 F. Supp. 3d 1175 (N.D. Cal. 2015)................................................................5

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
2013 WL 5429718 (N.D.Cal., June 20, 2013)...................................................24

*In re Facebook, Inc. Internet Tracking Litig.,*
956 F.3d 589 (9th Cir. 2020) .............................................................................14

*In re Google Inc. Cookie Placement Consumer Priv. Litig.,*
806 F.3d 125 (3d Cir. 2015) ..............................................................................14

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-iv-

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)................................................................19

*In re Google RTB Consumer Priv. Litig.,*
606 F. Supp. 3d 935 (N.D. Cal. 2022)................................................................18

*In re Hulu Priv. Litig.,*
No. C 11–03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014)...............*passim*

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012)................................................................18

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)...........................................................13,14

*In re Nickelodeon Consumer Priv. Litig.,*
827 F.3d 262 (3d Cir. 2016) ...............................................................................9

*Johnson v. Microsoft Corp.*,
No. C06-0900RAJ, 2009 WL 1794400 (W.D. Wash. June 23, 2009) .............8

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal 2023)...........................................................13,18

*Ketayi v. Health Enrollment Grp*.,
516 F. Supp. 3d 1092 (S.D. Cal. 2021) ...........................................................20

*Larry Pearl v. Coinbase Global, Inc*.,
No. 22-CV-03561-MMC, 2024 WL 3416505 (N.D. Cal. July 15, 2024).........21

*Lauter v. Anoufrieva,*
No. CV0706811JVSJCX, 2011 WL 13175659 (C.D. Cal. Nov. 28, 2011)
*aff'd,* 550 F. App'x 473 (9th Cir. 2013) ...........................................................17

*Low v. LinkedIn Corp*.,
900 F. Supp. 2d 1010 (N.D. Cal. 2012)..............................................................19

*Lynwood Invs. CY Ltd. v. Konovalov*,
No. 20-CV-03778-LHK, 2021 WL 1198915 (N.D. Cal. Mar. 30, 2021) .........5

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

*Lyon v. United States Immigr. & Customs Enf't*,
300 F.R.D. 628 (N.D. Cal. 2014) ..................................................................23

*Maya v. Centex Corp.,*
658 F.3d 1060 (9th Cir. 2011) ........................................................................3

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.,*
No. CV 12-CV-04457-SC, 2015 WL 4537957 (N.D. Cal. July 27, 2015) .......25

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) ........................................................................2

*Moore v. Rodriguez*,
No. 20-cv-01481-BAS-BGS, 2021 WL 2222590 (S.D. Cal. June 2, 2021) .....18

*Naugle v. Duke Univ. Health Sys., Inc.*,
No. 1:22-cv-727, 2024 WL 1307216 (M.D.N.C. Mar. 27, 2024)....................11

*Nienaber v. Overlake Hosp. Med. Ctr.,*
No. 2:23-CV-01159-TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024) .....12

*Ning Xianhua v. Oath Holdings, Inc.*,
536 F. Supp. 3d 535 (N.D. Cal. 2021)...............................................................6

*O'Connor v. Boeing N. Am., Inc.,*
197 F.R.D. 404 (C.D. Cal. 2000)....................................................................24

*Okash v. Essentia Health*,
No. CV 23-482 (JRT/LIB), 2024 WL 1285779 (D. Minn. Mar. 26, 2024)......11

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir) ....................................................................................23

*Planned Parenthood v. Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ........................................................................12

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
522 F.3d 1049 (9th Cir. 2008) .....................................................................4,5

*Poulos v. Caesars World, Inc.*,
379 F.3d 654 (9th Cir. 2004) ........................................................................23

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-vi-

*Riordan v. W. Digital Corp.,*
No. 5:21-CV-06074-EJD, 2023 WL 6462857 (N.D. Cal. Sept. 29, 2023) .......20

*Rodriguez v. Google LLC*,
No. 20-cv04688-RS, 2021 WL 2026726 (N.D. Cal. 2021)...............................10

*Roe v. Amgen Inc.,*
No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024) 13

*R.S. v. Prime Healthcare Servs., Inc.,*
No. 5:24-CV-00330-ODW (SPX), 2024 WL 3730609 (C.D. Cal. Aug. 7, 2024)
..............................................................................................................*passim*

*Ryan v. Microsoft Corp.,*
147 F. Supp. 3d 868 (N.D. Cal. 2015)............................................................5

*Sidney-Vinstein v. A.H. Robins Co*.,
697 F. 2d 880 (9th Cir. 1983) ......................................................................21

*Smith v. Facebook, Inc.,*
262 F. Supp. 3d 943 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018) ..19

*Sonner v. Premier Nutrition Corp*.,
971 F.3d 834 (9th Cir. 2020) ..................................................................20,21

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).....................................................................................2,3

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ........................................................................6

*Tanner v. Acushnet Co.,*
No. 823CV00346HDVADSX, 2023 WL 8152104 (C.D. Cal. Nov. 20, 2023) 19

*Tourgeman v. Collins Fin. Servs., Inc*.,
No. 08-CV-1392 JLS (NLS), 2011 WL 5025152 (S.D. Cal. Oct. 21, 2011) ....24

*TransUnion LLC v. Ramirez,*
594 U.S. 413 (2016)........................................................................................3

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-vii-

*Vietnam Veterans of Am. v. C.I.A.*,
288 F.R.D. 192 (N.D. Cal. 2012) ....................................................................24

*Walsh v. Microsoft Corp.*,
63 F. Supp. 3d 1312 (W.D. Wash. 2014) .........................................................5

*Whiteway v. FedEx Kinko's Off. & Print Servs., Inc*
No. C 05-2320 SBA, 2006 WL 2642528 (N.D. Cal. Sept. 14, 2006)..............22

*Williams v. DDR Media, LLC*,
No. 22 CV-03789-SI, 2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) .............18

*Williams v. Dukehealth*,
No. 1:22-cv-727, 2024 WL 898051 (M.D.N.C. Mar. 1, 2024)........................11

*Wu v. Sunrider Corp.*,
No. 17-4825 DSF (SSX), 2018 WL 6266577 (C.D. Cal. May 22, 2018)
*aff'd*, 793 F. App'x 507 (9th Cir. 2019) .............................................................20

*Yamauchi v. Cotterman*,
84 F. Supp. 3d 993 (N.D. Cal. 2015).................................................................4

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...........................................................19

*Zinser v. Accufix Research Institute, Inc.*,
253 F.3d 1180 (9th Cir.2001) ..........................................................................22

**RULES**

Fed.R.Civ.P. 12(b)(1) ................................................................................*passim*

Fed.R.Civ.P. 12(b)(6) ................................................................................*passim*

Fed.R.Civ.P. 23(a) ....................................................................................*passim*

Fed.R.Civ.P. 23(a)(2)......................................................................................20

Fed.R.Civ.P. 23(a)(3)......................................................................................21

Fed.R.Civ.P. 23(b) ....................................................................................*passim*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

Fed.R.Civ.P. 23(b)(1)(A) ........................................................................22

Fed.R.Civ.P. 23(b)(1)(B) ........................................................................22

Fed.R.Civ.P. 23(b)(2) ............................................................................22

Fed.R.Civ.P. 23(b)(3) .........................................................................23,24

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .............................................................18

Cal. Civ. Code § 1798.82 ........................................................................13

20 C.F.R. 422.120 ..................................................................................16

26 C.F.R. § 31.6011(b ...........................................................................16

**OTHER AUTHORITY**

The Advisory Committee Notes to Rule 23, 39 F.D.R. 69 ...............................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on January 15, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at First Street Courthouse, Courtroom 5C, 350 West 1st Street, Courtroom 5C, Los Angeles, CA 90012, Defendant, Exer Holding Company, LLC ("Exer"), will, and hereby does, move this Court for an order dismissing Plaintiff, Nick Gaige's ("Plaintiff") Class Action Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for failing to plead concrete injury and traceability sufficient to support Article III standing, and pursuant to Fed.R.Civ.P. 12(b)(6) for failing to plead facts sufficient to support his causes of action. Additionally, Exer will, and hereby does, move this Court for an order striking Plaintiff's class allegations pursuant Fed.R.Civ.P. 12(f) for failure to meet the requirements of Fed.R.Civ.P. 23. Exer further requests all other relief as this Court deems just and equitable. The motion is made based on the attached memorandum of points and authorities, the record in this action, and such other argument and evidence as may be presented at the time of hearing.

DATED: October 16, 2024          WOOD, SMITH, HENNING & BERMAN LLP

By: ___/s/ Jacob P. Wilson_____

JACOB P. WILSON
CHRISTOPHER J. SEUSING
(*Pro Hac Vice Forthcoming*)
SEAN V. PATEL
(*Pro Hac Vice Forthcoming*)
**Attorneys for Defendant,**
**EXER HOLDING COMPANY, LLC**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## I.    INTRODUCTION

Plaintiff brings a class action complaint against Exer based on its alleged practice of implementing tracking technologies *within the unauthenticated public section* of its website, which allegedly transmitted URLs, Facebook IDs ("FID"), and IP addresses to unauthorized third parties (the "Complaint"). Notwithstanding, the Complaint must be dismissed (i) pursuant to Fed. R. Civ. Pro. 12(b)(1) because Plaintiff fails to trace his alleged injuries to Exer's alleged conduct; and (ii) pursuant to Fed. R. Civ. Pro. 12(b)(6) because it is barred by the statute of limitations, relies on vacated authority, and fails to state a claim upon which relief may be granted. Alternatively, Plaintiff's class allegations must be stricken pursuant Fed. R. Civ. Pro. 12(f) as the proposed class is unascertainable. Alternatively, Plaintiff must be compelled to amend its class definition pursuant to Fed. R. Civ. Pro. 23(d)(1)(D).

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff alleges that Exer "owns and controls the website exerurgentcare.com and its webpages (the 'Website')." *See* Complaint, ¶ 4. Plaintiff alleges that Exer installed certain tracking technologies on its Website, including the Meta Pixel, Facebook SDK, Facebook Conversions API, Google Analytics, Google Tag Manager, and DoubleClick (collectively, the "Tracking Technologies."). Notably, Plaintiff only alleges that the Tracking Technologies were installed on the *unauthenticated public section* of the Website. *See* Complaint, *generally*. Plaintiff alleges that the Meta Pixel transmitted his "Facebook ID, computer IP address and other device and unique

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

online identifiers to Facebook." *See Id.,* ¶ 178. Notably, Plaintiff fails to allege the privacy settings of his Facebook account, including whether it is set to public or private. *See Id., generally.* Plaintiff alleges that the Meta Pixel also "transmitted information such as health and medical information" to Facebook, including URLs which allegedly contains " Plaintiff's particular health condition, the type of medical treatment sought, patient status and the fact that Plaintiff attempted to or did book a medical appointment." *See Id.,* ¶ 178. Plaintiff alleges that the Meta Pixel caused Plaintiff to receive "targeted ads on Facebook or Instagram related to his specific medical conditions and/or treatments[.]" *Id.,* ¶ 186. Notably, Plaintiff fails to allege when he first began using the Website, and when he first began receiving targeted advertisement. *See Id., generally.* Other than Facebook and the Meta Pixel, Plaintiff fails to allege what information the remaining Tracking Technologies collected, or which other third-parties this information was transmitted to. *See Id., generally.*

## III.    THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(1)

Article III standing "is meant to ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate." *Melendres v. Arpaio,* 784 F.3d 1254, 1261 (9th Cir. 2015). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016)  "The plaintiff, as the party invoking federal jurisdiction, bears

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

the burden of establishing these elements." *Id.* To survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a  "line of causation" between defendants' action and their alleged harm that is more than "attenuated." *Maya v. Centex Corp.,* 658 F.3d 1060, 1070 (9th Cir. 2011) . Here, Plaintiff fails to allege the date(s) of the alleged misconduct, including the date when he first visited the Website and the date he allegedly first received targeted advertisement. *See Complaint,* generally. Accordingly, Plaintiff fails to establish a basic temporal connection, and therefore traceability has not been met. Furthermore, during the approximately 8 year period during which Plaintiff was an alleged patient of Exer, Plaintiff visited hundreds of unique websites which could have caused the alleged targeted advertisement. Accordingly, Plaintiff fails to allege traceability, and this court lacks subject matter jurisdiction.

## IV.  THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

### A.  Plaintiff's Complaint is time barred.

Within the Complaint, Plaintiff appears to rely on the discovery rule and/or fraudulent concealment exception to toll the applicable statute of limitations. *See Id.*, ¶ 186. Notwithstanding, "a cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1054 (9th Cir. 2008) (internal citation omitted). "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

knowledge of the information that would have been revealed by such an investigation." *Id.* "So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." *Id*. A plaintiff relying on the discovery rule to show delayed accrual of a cause of action bears the burden of 'pleading and proving belated discovery.'" *Yamauchi v. Cotterman,* 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015) (internal citation omitted). Similarly, "a statute of limitations may be tolled if the defendant fraudulently concealed the existence of a cause of action in such a way that the plaintiff, acting as a reasonable person, did not know of its existence." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012). "The plaintiff bears the burden of pleading fraudulent concealment." *In re Animation Workers Antitrust Litig.,* 123 F. Supp. 3d 1175, 1194 (N.D. Cal. 2015). "Moreover, allegations of fraudulent concealment must be pled with particularity." *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-CV-03778-LHK, 2021 WL 1198915, at *18 (N.D. Cal. Mar. 30, 2021) (internal citation omitted). Accordingly, tolling premised on fraudulent concealment is subject to Fed. R. Civ. P. 9(b). *See Ryan v. Microsoft Corp.,* 147 F. Supp. 3d 868, 886 (N.D. Cal. 2015).

Here, Plaintiff fails to satisfy the heightened pleading standard of Rule 9(b). Rather, Plaintiff merely alleges that "Plaintiff only became aware of the disclosure of his information in June 2024."*See* Complaint, ¶ 186. Notably, Plaintiff fails to explain how he uncovered Exer's alleged conduct around such time period as

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

opposed to an earlier date. *See Id., generally.* Without any facts to support his conclusory allegation, Plaintiff's equitable tolling argument fails the Rule 9(b) requirements. Furthermore, Plaintiff alleges that "he has been a patient of Defendant since approximately 2016", and he "disclosed his Private Information to Defendant on numerous occasions, and most recently in February and March 2024." *See* Complaint, ¶¶ 168-169. However, **Plaintiff strategically fails to allege when he first visited the Website, or when he first allegedly began receiving targeted advertisements**. *See* Complaint, *generally.* Accordingly, Plaintiff fails to allege a temporal connection to substantiate his tolling allegations. Rather, Plaintiff includes a section within his Complaint attempting to explain why the applicable statute of limitations were allegedly tolled, therefore conceding the late filing of his Complaint. *See Id.*, ¶ 186. Furthermore, Plaintiff fails to even satisfy the basic pleading requirements of Fed. R. Civ. P. 8, which requires a Complaint to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id*; *see also Ning Xianhua v. Oath Holdings, Inc.*, 536 F. Supp. 3d 535, 558 (N.D. Cal. 2021) (Where "an applicable statute of limitations defense has been raised and is non-frivolous," the "failure to plead the approximate date of the alleged misconduct fails to satisfy Rule 8's requirement[.]"); *Brodsky v. Apple Inc.,* 445 F. Supp. 3d 110, 135 (N.D. Cal. 2020) (listing cases) ("Courts often dismiss claims under Rule 8 when plaintiffs fail to allege approximately when the actionable misconduct occurred.") (listing cases). In

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

light of above, Plaintiff's Complaint must be dismissed for failure to comply with Rule 8 and 9(b). Furthermore, Plaintiff has not met his burden of proof and therefore is not entitled to toll the applicable statute of limitations. Accordingly, as explained below, each of Plaintiff's claims are time barred.

### B. Plaintiff's claims are premised on outdated legal authority.

Throughout the Complaint, Plaintiff alleges Exer violated HIPAA based on the Office for Civil Rights ("OCR") at the U.S. Department of Health and Human Service's ("HHS") December 2022 and March 2024 guidance relating to a covered entities use of online trackers (collectively, the "Guidance"). *See* Complaint, ¶¶ 42, fn. 12. Notwithstanding, such argument is unpersuasive as the Guidance was vacated and held to be "unlawful, and…promulgated in clear excess of HHS's authority under HIPAA." *Am. Hosp. Ass'n v. Becerra,* No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024). *Am. Hosp. Ass'n* involved a suit to stop enforcement of the Guidance, which "provided several hypotheticals that trigger HIPAA obligations, including circumstances where an online technology connects (1) an individual's IP address with (2) a visit to a [unauthenticated public webpage ('UPW')] addressing specific health conditions or healthcare providers [the 'Proscribed Combination']." *Id*., at *2. The court in *Am. Hosp. Ass'n* held that "the Proscribed Combination facially violates HIPAA's unambiguous definition of IIHI." *Id*., at *11. In doing so, the court in *Am. Hosp. Ass'n* looked to HIPAA's definition of Individually Identifiable Health Information ("IIHI"), and concluded

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-6-

that "**the Proscribed Combination could never fit HIPAA's definition of IIHI.**" *Id*., at *14.  Here, as explained above, Plaintiff alleges the Tracking Technologies were merely installed on the unauthenticated public sections of the Website. *See* Complaint, *generally*. Accordingly, the *Am. Hosp. Ass'n* holding applies, and the Complaint must be dismissed.

      **C.**    **The alleged information transmitted is not personally identifiable.**

      Within the Complaint, Plaintiff alleges that an IP address is a personal identifier because it is "a number that identifies the address of a device connected to the Internet." *See Id*, ¶¶ 126-136. Notwithstanding, Plaintiff's argument was dismissed in *Johnson v. Microsoft Corp.,* where the court expressly held that an "IP address is not personally identifiable[.]", *Id*., No. C06-0900RAJ, 2009 WL 1794400, at *4 (W.D. Wash. June 23, 2009) Furthermore even assuming, *arguendo*, an IP address is a personal identifier (which it is not), Plaintiff still fails to allege whether his specific IP address is static or dynamic, which is material because [d]ynamic IP addresses are randomly assigned to internet users and change frequently. Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Crim. Prods., Inc. v. Doe-72.192.163.220,* No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *2 (S.D. Cal. Nov. 18, 2016) (listing cases). Plaintiff also alleges that a FID is a personal identifier and that  he "has used and continues to use the same devices to maintain and access an active Facebook account throughout the relevant period in

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

this case." *See Id.*, ¶ 175. Notwithstanding, Plaintiff fails to satisfy the pleading requirements established by this Court in *Heerde v. Learfield Commc'ns, LLC*, which held that a person's FID cannot be used to identify that person unless "the person's Facebook profile is publicly accessible[.]" *Id.*, No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *4 (C.D. Cal. July 19, 2024).  Furthermore, in dismissing plaintiff's claims for alleged illegal use of tracking technologies on defendant's website, this Court in *Heerde* took judicial notice of an online article[1] published by Facebook/Meta explaining who can view a user's Facebook page and held "**private profiles may not be viewable even if someone has the FID.**" *See Id.* (*citing Control who Can see your Facebook page, Facebook.*). Akin to the article relied on by this Court in *Heerde*, Facebook/Meta published an additional online article[2] which states a "**User ID is a string of numbers that doesn't personally identify you[.]**" *See How usernames and user IDs are used on Facebook profiles, Facebook.*[3] Consistent with Facebook's/Meta's own explanation that a FID is not a personal identifier but rather a static digital identifier, the Third Circuit similarly identified that "numerous district courts…have followed the rule adopted in *In re*

---

[1] https://www.facebook.com/help/150193685051184/

[2] https://www.facebook.com/help/211813265517027)

[3] Pursuant to Federal Rule of Evidence 201(b), Exer requests this Court take judicial notice of the Facebook webpages cited within footnote one and two, hereto. *See Heerde 2024 WL 3573874, at *4,* fn. 2 (granting judicial notice of Facebook's website) (*citing Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001)).

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

*Hulu Privacy Litigation* [where] the court there concluded that static digital identifiers that could, in theory, be combined with other information to identify a person do not count as 'personally identifiable'…at least by themselves." *In re Nickelodeon Consumer Priv. Litig.,* 827 F.3d 262, 283 (3d Cir. 2016) (*citing In re Hulu Priv. Litig.,* No. C 11–03764 LB, 2014 WL 1724344, at *11 (N.D. Cal. Apr. 28, 2014) (listing cases)). Accordingly, here Plaintiff fails to allege how a static digital identifier can be considered a personal identifier, nor can he based upon the aforementioned articles published  by Facebook/Meta. Plaintiff also fails to allege whether his Facebook privacy setting was set to public. *See* Complaint, *generally*.

### D.    Plaintiff's ECPA claim is legally deficient

As an initial matter, Plaintiff's Electronic Communications Privacy Act ("ECPA") claim is time barred because 18 U.S.C. § 2520(e) provides for a two year statute of limitations and as explained above is not tolled by the discovery rule or fraudulent concealment. Even assuming, *arguendo*, Plaintiff's ECPA claim is not time barred (which it is), it must be dismissed because the Party Exception (defined below) applies, and the Crime-Tort Exception (defined below) is inapplicable.

ECPA "provides a private right of action against any person who 'intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." *Rodriguez v. Google LLC*, No. 20-cv04688-RS, 2021 WL 2026726, at *6 (N.D. Cal. 2021) (*quoting* 18 U.S.C. § 2511(1)(a)). Notwithstanding, ECPA further provides:

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

**It shall not be unlawful**…for a person not acting under color of law to intercept a wire, oral, or electronic communication **where such person is a party to the communication** or where one of the parties to the communication has given prior consent to such interception [the "Party Exception"] unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. [the "Crime-Tort Exception"]

18 U.S.C. § 2511(2)(d)).

### 1.    The Party Exception applies

Regarding the Party Exception, this Court has recognized that "courts across the country, **including others in this District**, agree that a [defendant] is a party to the communication where it uses a pixel to track activity on its website." *R.S. v. Prime Healthcare Servs., Inc.,* No. 5:24-CV-00330-ODW (SPX), 2024 WL 3730609, at *2 (C.D. Cal. Aug. 7, 2024) (listing cases). In *Prime Healthcare*, although "R.S. argue[d] extensively why the ECPA's Crime-Tort should in fact apply", this Court held:

> as the party that "installed tracking technologies on its Web Properties,"…Prime Healthcare necessarily consented to the use of those pixels and the "interception" of the communications between R.S. and Prime Healthcare. *See, e.g., Okash v. Essentia Health*, No. CV 23-482 (JRT/LIB), 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (holding that Defendant's "alleged interception was not unlawful because it was a party to the communication"). Accordingly, the Court dismisses R.S.'s ECPA claim and, because the Court finds that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), the dismissal is without leave to amend.

*Prime Healthcare*, 2024 WL 3730609, at *2; *see also Doe I v. Google LLC*, No. 23-CV-02431-VC, 2023 WL 6882766, at *2 (N.D. Cal. Oct. 18, 2023) ( "The plaintiffs have not shown they are likely to succeed on their ECPA claim because…[a]lthough the plaintiffs did not consent to Google receiving their health

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-10-

information, the health care providers consented to the use of Google source code on their web properties."). Here, similar to *Prime Healthcare* and *Google LLC*, the Party Exception applies because Exer was a party to the alleged communication with Plaintiff. To be sure of this, Plaintiff admits in his Complaint that "his communications with Defendant via the Website were…between himself and Defendant", and there was a "transmission of Private Information between Plaintiff…and Defendant via its Website with which they chose to exchange communications[.]" *See* Complaint, ¶¶ 176, 211.

## 2.    The Crime-Tort Exception is inapplicable

Within the Complaint, Plaintiff alleges that Crime-Tort Exception displaces the Party Exception because Exer allegedly intercepted the contents of "electronic communications for the purpose of committing a tortious or criminal act in violation of the Constitution or laws of the United States or of any State, such as California— namely, violations of HIPAA[.]" *See* Complaint, ¶ 227. Specifically, Plaintiff alleges that Exer violated 42 U.S.C. § 1320d-6 of HIPAA, which Plaintiff alleges imposes a criminal penalty for knowingly disclosing IIHI to a third party. *See* Complaint, ¶¶ 230-240. Notwithstanding, Plaintiff's allegations have recently been rejected in *Doe v. Kaiser Found. Health Plan, Inc.,* where the Court held the "criminal or tortious purpose must be **separate and independent** from the act of the recording [*i.e.*, the act of interception]." Id., No. 23-CV-02865-EMC, 2024 WL 1589982, at *8 (N.D. Cal. Apr. 11, 2024). (*quoting Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

F.4th 1125, 1136 (9th Cir. 2022)); *see also Doe I*, 2023 WL 6882766, at *2 (same); *Nienaber v. Overlake Hosp. Med. Ctr.,* No. 2:23-CV-01159-TL, 2024 WL 2133709, at *15 (W.D. Wash. May 13, 2024) (same).

Akin to the Plaintiff here, the plaintiffs in *Kaiser* additionally argued that the Crime-Tort Exception displaced the Party Exception because "the communications were intercepted [1] for the purpose of violating HIPAA, a criminal act, and [2] to tortiously collect personal information without consent or compensation to obtain market research and consumer analysis without paying for it." *Id*., at *10. Notwithstanding, the court in *Kaiser* held that "**both of these arguments are problematic**." *Id*. The court in *Kaiser* first held that this "argument is contrary to *Sussman* which holds that the **act of interception itself cannot be the crime or the tort**. Violation of HIPAA was not the purpose of the alleged interception." *Id*. The court in *Kaiser* secondly held that this argument "inheres in the alleged interception. The collection of information itself was not for the purpose of committing a crime or tort…rather, the apparent purpose was to use the information collected for market research and consumer analysis solely for the benefit of Kaiser in better reaching and serving its patients[.]" *Id*; *See also In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) ("Multiple courts in this district have found that the crime-tort exception ... is **inapplicable where the defendant's primary motivation was to make money**, not to injure plaintiffs tortiously."). *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal 2023) (the crime-tort

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

exception requires that "the *primary motivation* or a determining factor in the interceptor's actions has been to injure plaintiffs tortiously."); *Roe v. Amgen Inc.,* No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024), *reconsideration denied sub nom. Doe v. Amgen, Inc.,* No. 2:23-CV-07448-MCS-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) ("While Plaintiffs aver that Defendant's motivations were to improve their marketing and advertising efforts, the crime-tort exception is inapplicable where a defendant's primary motivation is to make money rather than to injure plaintiffs tortiously or criminally.").

Here, Plaintiff alleges that the primary purpose of Exer's alleged use of the Tracking Technologies was to make money rather than to injure Plaintiff tortiously or criminally. Specifically, throughout the Complaint Plaintiff alleges:

> "The Tracking Technologies that Defendant used allowed unauthorized third parties to intercept the contents of patient communications, view patients' Private Information, mine it for purposes unrelated to the provision of healthcare and **further monetize** it to deliver targeted advertisements to specific individuals." *See* Complaint, ¶ 6.

> "Private Information has considerable value" and it is "highly monetizable data especially insofar as it allows companies to gain insight into their customers so that they **can perform targeted advertising and boost their revenues**." *See Id.,* ¶ 151.

As the above quotes from Plaintiff's Complaint clearly evidences, despite Plaintiff's distorted labels, Plaintiff himself admits the primary purpose of the alleged implementation of the Tracking Technologies on the Website was to increase revenue rather than injure Plaintiff tortiously or criminally. Furthermore, Plaintiff does not

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

allege that Exer committed an act that is *separate and independent* from the alleged act of recording. *See* Complaint, *generally*. Accordingly, in light above, the Party Exception applies, and the Crime-Tort Exception is inapplicable.

### E.     Plaintiff's CIPA claim is legally deficient

As an initial matter, Plaintiff's California Invasion of Privacy Act ("CIPA") claim is time barred because Cal. Civ. Proc. Code § 340 provides for a one year statute of limitations and as explained above it not tolled by the discovery rule or fraudulent concealment. *See Balanzar v. Fid. Brokerage Servs., LLC,* 654 F. Supp. 3d 1075, 1082 (S.D. Cal. 2023) ("CIPA is subject to a one-year statute of limitations"). Even assuming, *arguendo*, Plaintiff's CIPA claim is not time barred (which it is), it must be dismissed because the Party Exception applies, and the Crime-Tort Exception is not applicable. CIPA prohibits any person from using electronic means to "learn the contents or meaning" of any "communication" "without consent" or in an "unauthorized manner." Cal. Pen. Code § 631(a). Accordingly, as CIPA "is similar in nature to the ECPA" (*Kaiser*, 2024 WL 1589982, at *13), "courts perform the same analysis[.]" *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797. Accordingly, the Party Exception applies, and the Crime-Tort Exception is inapplicable.

### F.     Plaintiff's CMIA claim is legally deficient

As an initial matter, Plaintiff's California Confidentiality of Medical Information Act ("CMIA") claim is time barred because Cal. Civ. Proc. Code § 340

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

provides for a one year statute of limitations and as explained above it not tolled by the discovery rule or fraudulent concealment. Even assuming, *arguendo*, Plaintiff's CMIA claim is not time barred (which it is), it must be dismissed because as explained above Plaintiff fails to allege that the information allegedly disclosed is medical information that is personally identifiable.

Cal. Civ. Code § 56.10(a) states that "a provider of health care…shall not disclose medical information regarding a patient…without first obtaining an authorization." Cal. Civ. Code § 56.06(i) defines "medical information" as any individually identifiable information…regarding a patient's medical history, mental or physical condition, or treatment." Cal. Civ. Code § 56.06(i) further defines "individually identifiable" as  medical information that "includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the identity of the individual."

Here, Plaintiff's CMIA cause of action mirrors that filed by Plaintiff's counsel in *B.K. v. Eisenhower Med. Ctr.* which this Court dismissed. *See Id.*,  No. EDCV 23-2092 JGB (KKx), 2024 WL 878100  (C.D. Cal. Feb. 29, 2024). In *Eisenhower*, the plaintiff alleged  defendant  violated Section  56.10 because they  "knowingly, willfully, or negligently disclosed Plaintiffs' medical information to Meta, allowing Meta to now advertise and target Plaintiffs" and "they started to receive unsolicited

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

advertisements on their Facebook accounts relating to their medical conditions shortly after visiting the Website." *See Id*. Notwithstanding, in dismissing plaintiff's CMIA claim, this Court in *Eisenhower* held that:

> Plaintiffs fail to allege what, if any, medical information or medical records were transmitted or disclosed. Notably, Plaintiffs' Complaint is 90 pages long but includes less than four pages of vague allegations about Plaintiffs and their experiences with Defendant…The Complaint is replete with conjectures and hypothetical scenarios and patients… Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed. B.K. states she started using the Website over three years ago and started receiving unsolicited ads "shortly after" but provides no more information about the alleged disclosures…N.Z. alleges the same pattern but states that it occurred "over seven years ago."… Accordingly, Plaintiffs' claim under Section 56.10 fails.

*Id*; *see also Doe v. Davita Inc.*, 2024 WL 1772854, at *2 (in the context of pixel litigation, dismissing plaintiffs CMIA claim for "fail[ure] to state what information they each provided to defendant, via their browsing activity, that was subsequently disclosed to Meta.). Identical to the plaintiffs in *Eisenhower* and *Devita*, here Plaintiff merely alleges that Exer violated CMIA by "disclosing its patients' medical information to third parties…along with the patients' individually identifying information" without consent. *See* Complaint, ¶ 267. Notwithstanding, as explained above, Plaintiff fails to specifically allege how a URL within the unauthenticated public section of the Website is medical information, or how an IP address or FID is a personal identifier.

### G.     Plaintiff's Constitutional privacy claim is legally deficient

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

As an initial matter, Plaintiff's California Constitutional invasion of privacy claim is time barred because "a claim for invasion of the California constitutional right to privacy has a statute of limitations of one year" and as explained above it not tolled by the discovery rule or fraudulent concealment. *Lauter v. Anoufrieva,* No. CV0706811JVSJCX, 2011 WL 13175659, at *7 (C.D. Cal. Nov. 28, 2011), *aff'd,* 550 F. App'x 473 (9th Cir. 2013) (*citing Cain v. State Farm Mut. Auto. Ins. Co.,* 62 Cal. App. 3d 310, 313 (1976)). Even assuming, *arguendo*, Plaintiff's California Constitutional invasion of privacy claim is not time barred (which it is), it must be dismissed because there is no private right of action for damages.

Within Plaintiff's Complaint, Plaintiff alleges that Exer has intentionally invaded his "privacy rights under the California Constitution" and therefore he is "entitled to just compensation, including monetary damages…and punitive damages" pursuant to Article 1, § 1 of the California Constitution. *See* Complaint, ¶¶ 271, 276-279. Notwithstanding, Plaintiff fails to cite to any authority to suggest that a private right of action exists for damages under Article 1, § 1 of the California Constitution, nor can he as one does not exist. *See* Complaint, *generally*; *see also Cousin v. Sharp Healthcare*, No. 22-CV-2040-MMA-DDL, 2023 WL 8007350, at *4 (S.D. Cal. Nov. 17, 2023) ("California's 'constitutional provision protecting the right of privacy ... does not confer on a litigant a private right of action for damages."); *Moore v. Rodriguez*, No. 20-cv-01481-BAS-BGS, 2021 WL 2222590 at *20 (S.D. Cal. June 2, 2021); *Doe v. Regents of Univ. of California,* 672 F. Supp. 3d 813, 820 (N.D. Cal.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-17-

2023)).

**H.    Plaintiff's common law invasion of privacy claim is legally deficient**

As an initial matter, Plaintiff's common law invasion of privacy (intrusion upon seclusion) claim is time barred because "the statute of limitations for…intrusion upon seclusion and invasion of privacy claims is two years." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021) (*citing* Cal. Civ. Proc. Code § 335.1; *Cain,* 62 Cal. App. 3d 310, 313). Even assuming, *arguendo*, Plaintiff's common law invasion of privacy (intrusion upon seclusion) claim is not time barred (which it is), it must be dismissed because Plaintiff fails to satisfy the high standard for intrusion.

"The tests for an invasion of privacy under the California Constitution and intrusion upon seclusion under California common law 'involve[ ] similar elements'—as a result, 'courts consider the claims together' with one test, 'and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive.'" *Katz-Lacabe,* 668 F. Supp. 3d 928, 941 (*citing Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287, 97 Cal.Rptr.3d 274, 211 P.3d 1063 (2009)). "With respect to the second factor, '[t]he California Constitution sets a high standard for intrusion.'" *Esparza v. Gen Digital Inc.,* No. CV 23-8223-KK-AGRX, 2024 WL 655986, at *5 (C.D. Cal. Jan. 16, 2024) (*quoting Williams v. DDR Media, LLC,* No. 22 CV-03789-SI, 2023 WL 5352896, at *6 (N.D. Cal. Aug. 18, 2023)); *see also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (finding that <u>**even disclosure of highly personal information such as social security numbers is not "highly**</u>

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

offensive" enough to meet the "high bar for an invasion of privacy claim"); *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) ("**Even negligent conduct that leads to theft of highly personal information, including social security numbers, does not 'approach [the] standard' of actionable conduct under the California Constitution**."); *Tanner v. Acushnet Co.,* No. 823CV00346HDVADSX, 2023 WL 8152104, at *7 (C.D. Cal. Nov. 20, 2023) ("**courts are less likely to find that users have a cognizable privacy interest in browsing data collected only while users interact with the website of the defendant company.**"); *Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018) ("search results related to the phrase 'intestine transplant' " constituted "general health information ... accessible to the public at large," not "protected health information"); *Eisenhower.,* 2024 WL 878100, at *7 ("The Court can only interpret that Plaintiffs used Defendant's Website for routine medical searches and inquiries. Because Plaintiffs fail to plead that any medical information was disclosed, Plaintiffs claims do not rise to the level of an "egregious breach of the social norms" that is "highly offensive."). Here Plaintiff's common law invasion of privacy (intrusion upon seclusion) fails because URLs, IP addresses, and FIDs do not arise to even the level of Social Security numbers, which as explained above does not even approach the standard of actionable conduct.

## I.     Plaintiff's unjust enrichment claim is legally deficient

As an initial matter, Plaintiff's unjust enrichment claim is time barred because

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

at most the statute of limitations for unjust enrichment is three years. *See Wu v. Sunrider Corp.*, No. 17-4825 DSF (SSX), 2018 WL 6266577, at *5 (C.D. Cal. May 22, 2018), *aff'd*, 793 F. App'x 507 (9th Cir. 2019). Even assuming, *arguendo*, Plaintiff's unjust enrichment claim is not time barred (which it is), it must be dismissed because "there is no standalone cause of action for unjust enrichment under California law." *Riordan v. W. Digital Corp.*, No. 5:21-CV-06074-EJD, 2023 WL 6462857, at *9 (N.D. Cal. Sept. 29, 2023). Furthermore, even under a quasi-contract theory, Plaintiff has "failed to plead that [his] legal remedies are inadequate, as is required to state a claim for an equitable remedy." *Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1140 (S.D. Cal. 2021). "The Ninth Circuit's recent decision in *Sonner* requires that a complaint seeking equitable relief allege that legal remedies are inadequate." *Id*; *citing Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Additionally, a plaintiff must plausibly allege or explain how the equitable relief they seek alongside damages is more prompt, certain, or efficient than damages. *Sonner*, 971 F.3d 834, 844; *see also Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) ("the plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law, which they have not done. Because they also request money damages, it is possible their legal remedy is sufficient; on this record, they have not yet disproven that."). Here, Plaintiff merely alleges that he and the Class "have no adequate remedy at law[.]" Complaint, ¶ 294. However, this plain, unsupported conclusory statement does not meet the pleading standard as required

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

within *Sonner* and *Anderson* as Plaintiff does not allege how equitable relief is more prompt, certain or efficient than damages.

## V. PLAINTIFF'S CLASS DEFINITION IS OVERLY BROAD.

### A. This Court can strike class allegations and compel Plaintiff to amend the class definition at the pleading stage.

Pursuant to Fed. R. Civ. P. 12(f), the "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispending with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co*., 697 F. 2d 880, 885 (9th Cir. 1983). "District courts have the authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified." *Larry Pearl v. Coinbase Global, Inc*., No. 22-CV-03561-MMC, 2024 WL 3416505, at *2 (N.D. Cal. July 15, 2024). In addition to Rule 12(f), pursuant to Fed. R. Civ. P. 23(c), "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Accordingly, pursuant to Fed. R. Civ. P. 23(d)(1)(D), the "court may issue order that…require that the pleadings be amended to eliminate allegations about representation of absent persons[.]"

### B. Plaintiff fails to satisfy the Rule 23(a) and (b) requirements

To maintain a class action, a plaintiff must satisfy each of the four requirements under Fed. R. Civ. P. 23(a), and at least one of the prerequisites of 23(b). A class action is maintainable under Fed. R. Civ. P. 23(b)(1)(A) "prosecution of separate

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-21-

actions ... would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class[.]" Notwithstanding, "certification under Rule 23(b)(1)(A) is… not appropriate in an action for damages." *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1180, 1193 (9th Cir.2001). Here, the primary relief sought is monetary damages as Plaintiff is requesting same within its Prayer for Relief and each cause of actions *See* Complaint, *generally.* As such, Plaintiff cannot certify a class under Rule 23(b)(1)(A). Furthermore, certification under Rule 23(b)(1)(B) is only appropriate if "the case involves a 'fund'[.]"*Whiteway v. FedEx Kinko's Off. & Print Servs., Inc*., No. C 05-2320 SBA, 2006 WL 2642528, at *9 (N.D. Cal. Sept. 14, 2006). As such, Plaintiff cannot certify a class under Fed. R. Civ. P.  23(b)(1)(B) because this action does not include a fund. *See* Complaint, *generally*.  A class action is maintainable under Fed. R. Civ. P. 23(b)(2)  if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Notwithstanding, the advisory committee's notes to Rule 23(b)(2) state the rule is not appropriate for all cases and "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." 39 F.R.D. 69, 102 (1966). Here, Plaintiff will be unable to satisfy Rule 23(b)(2) because, as explained above, the primary relief sought is damages, which is individualized and drastically varies per proposed class member.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

Pursuant to Fed. R. Civ. P. 23(a)(3), a class action cannot be certified unless "the claims…of the representative parties are typical of the claims…of the class." Furthermore, pursuant to Fed. R. Civ. P. 23(b)(3), a court may certify a class only if it first determines that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Id*. When individualized questions relate to the injury status of class members, Rule 23(b)(3) requires that the court determine whether individualized inquiries about such matters would predominate over common questions. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 668 (9th Cir). Courts must therefore separate the issues subject to "generalized proof" from those subject to "individualized proof" to determine whether plaintiffs have satisfied the predominance requirement. *AdTrader, Inc. v. Google LLC,* No. 17-CV-07082-BLF, 2020 WL 1922579, at *15 (N.D. Cal. Mar. 24, 2020). Where an individualized causation issue would predominate over a case, courts have denied class certification. *See Poulos v. Caesars World, Inc*., 379 F.3d 654, 658 (9th Cir. 2004). Where an individualized statute of limitation issue would predominate over a case, courts have denied class certification. *See O'Connor v. Boeing N. Am., Inc.,* 197 F.R.D. 404, 414 (C.D. Cal. 2000) ("Based on the individualized, fact-intensive nature of the necessary inquiry in this case, the statute of limitations issues preclude a finding that common issues predominate over

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

individual issues on most...claims.") (listing cases). Here, generalized proof could not resolve a significant aspect of the case in a single adjudication; rather, individual proof is required. Specifically, each potential class member will need to prove it is a patient of Exer, visited the Website for healthcare related purposes, and received targeted advertising which can be traced to Exer's alleged conduct. Such inquiry will by nature be fact intensive as common sense dictates that an average individual routinely visits hundreds of thousands of websites, each of which could have caused the alleged targeted advertisement. Each potential class member will need to also prove that they comply with the applicable statutes of limitations and prove that the alleged information collected is personally identifiable. As explained by the Facebook articles above, FIDs are not personal identifiers. Even assuming, *arguendo*, they are, pursuant to this Court's decision in *Heerde*, each class member will need prove whether their Facebook page is private or public. *See Id.* 2024 WL 3573874, at *4.

## C.    The proposed class is not ascertainable

Pursuant to Fed R. Civ. P. 23 "courts generally accept that the [class] definition must be precise, objective, and presently ascertainable before the class action can proceed." *Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 122 (N.D. Cal. 2014).  If the court must make a determination of the merits of individual claims to determine a class's membership, the class definition is inadequate." *Tourgeman v. Collins Fin. Servs., Inc.,* No. 08-CV-1392 JLS (NLS), 2011 WL 5025152, at *4 (S.D. Cal. Oct. 21, 2011).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

District Courts sitting in the Ninth Circuit have "followed the guidance of the Third Circuit in requiring plaintiffs to 'show, by a preponderance of the evidence, that the class is currently and readily ascertainable based on objective criteria.'" *McKinnon v. Dollar Thrifty Auto. Grp., Inc.,* No. CV 12-CV-04457-SC, 2015 WL 4537957, at *5 (N.D. Cal. July 27, 2015) (*quoting Carrera v. Bayer Corp.,* 727 F.3d 300, 306 (3d Cir.2013)). Where "none of the proposed class definitions is limited in any way as to time", then "the class definition is not precise or sufficiently definite, and… the proposed class is not clearly ascertainable by reference to objective criteria." *Blue Shield of California*, 305 F.R.D. 115, 123-34. Here, the class definitions are too broad and lacks objective criteria to ascertain the class because it lack temporal limitations, and therefore encompasses an indefinite period of time. *See* Complaint, ¶¶ 188-189. Furthermore a mere IP address and FID cannot be used to identify, notify and communicate with potential class members. Cross-referencing is also not possible because a potential class member was not required to provide their contact information, such as their email address, mailing address, or phone number to use the Website. *See In re Hulu Priv. Litig.,* 2014 WL 2758598, at *14.

## IV.    CONCLUSION

WHEREFORE, Exer respectfully moves pursuant to Fed. R. Civ. Pro. 12(b)(6) for an order dismissing this matter; or alternatively pursuant to Fed. R. Civ. Pro. 12(f) for an order striking Plaintiff's class allegations. Exer seeks such further relief as appears lawful, equitable, and just.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

1  DATED:  October 16, 2024          WOOD, SMITH, HENNING & BERMAN LLP

2

3                                    By:  _____
                                         */s/ Jacob P. Wilson*
4                                        JACOB P. WILSON
                                         CHRISTOPHER J. SEUSING
5                                        (*Pro Hac Vice Forthcoming*)
                                         SEAN V. PATEL
6                                        (*Pro Hac Vice Forthcoming*)
                                         ***Attorneys for Defendant,***
7                                        ***EXER HOLDING COMPANY, LLC***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2024, I electronically filed the foregoing **DEFENDANT EXER HOLDING COMPANY, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew J. Langley, Esq.
**ALMEIDA LAW GROUP, LLC**
849 W. Webster Avenue
Chicago, IL 60614
Tel: 773-554-9354
matt@almeidalawgroup.com

*Attorneys for Plaintiff,*
*NICK GAIGE and the Proposed Class*

*/s/ Teresa Cabanday*
Teresa Cabanday

DEFENDANT EXER HOLDING COMPANY, LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT & MOTION TO STRIKE CLASS ALLEGATIONS