Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

***Attorneys for Defendant,***
***EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICK GAIGE, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

EXER HOLDING COMPANY, LLC,

Defendant.

Case No. 2:24-CV-06099-AH-AJR

**DEFENDANT EXER HOLDING COMPANY, LLC'S FIRST AMENDED MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS**

Date: January 29, 2025
Time: 1:30 p.m.
Courtroom: 7D
Judge: Anne Hwang

*[Filed Concurrently with First Amended Declaration In Support Thereof]*

# TABLE OF CONTENTS

**Page**


I. PLAINTIFF'S LEGAL ALLEGATIONS ARE PREMISED ON FALSE FACTUAL ASSERTIONS, WHICH ARE FATAL TO HIS CLAIMS. ....2

II. PLAINTIFF FAILS TO ALLEGE THAT IIHI OR PHI WAS COLLECTED, WHICH IS FATAL TO HIS CLAIMS. ....3

III. PLAINTIFF FAILS TO ALLEGE THAT PII WAS COLLECTED, WHICH IS FATAL TO HIS CLAIMS. ....6

IV. PLAINTIFF'S ECPA AND CIPA CLAIMS MUST BE DISMISSED AS THE CRIME-TORT EXCEPTION IS INAPPLICABLE. ....8

V. EXER'S MOTION TO STRIKE IS TIMELY AS PLAINTIFF IS UNABLE TO CERTIFY A CLASS EVEN WITH DISCOVERY. ....9

IV. CONCLUSION ....12


WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# TABLE OF AUTHORITIES

**Page**

**Case**


*A.D. v. Aspen Dental Mgmt., Inc.*,
2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) .......... 6

*American Hospital Association v. Becerra*,
2024 WL 3075865 (N.D. Tex. June 20, 2024) .......... 5

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds,*
568 U.S. 455 (2013) .......... 10

*Brown v. Learfield Commc'ns, LLC,*
No. 1:23-CV-00374-DAE, 2024 WL 3676709 (W.D. Tex. June 27, 2024) .......... 9

*Cousin v. Sharp Healthcare,*
681 F. Supp. 3d 1117 (S.D. Cal. 2023) .......... 4

*Edwards v. Learfield Commc'ns, LLC,*
697 F. Supp. 3d 1297 (N.D. Fla. 2023) .......... 7,8

*Heerde v. Learfield Communications, LLC*,
No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874
(C.D. Cal. July 19, 2024) .......... *passim*

*In re Hulu Priv. Litig.*,
No. C 11-03764 LB, 2014 WL 2758598 (N.D. Cal. June 17, 2014) .......... 11,12

*Jaime C. v. Saul,*
No. 20-CV-03760-JSC, 2022 WL 1601398 (N.D. Cal. Mar. 9, 2022) .......... 1

*K.L. v. Legacy Health*,
No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024) .......... 4

*Larry Pearl v. Coinbase Global, Inc.*,
No. 22-CV-03561-MMC, 2024 WL 3416505 (N.D. Cal. July 15, 2024) .......... 10

*Martinez v. D2C, LLC,*
No. 23-21394-CIV, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024) .......... *passim*

*M.G. v. Therapymatch, Inc,*
2024 WL 4219992 (N.D. Cal. Sept. 16, 2024) .......... 6

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-CV-01159-TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024) .......... 4

*Rand v. Eyemart Express, LLC,*
No. 3:24-CV-000621-N, 2024 WL 4376162 (N.D. Tex. Oct. 1, 2024) .......... 5

*Roe v. Amgen Inc.*,
No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482
(C.D. Cal. June 5, 2024) .......... 9


WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

*Santoro v. Tower Health*,
No. CV 22-4580, 2024 WL 4771398 (E.D. Pa. Nov. 13, 2024) ....................... 5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ....................... 10

*Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943 (N.D. Cal. 2017),
aff'd, 745 F. App'x 8 (9th Cir. 2018) ....................... 3,4

*Smith v. Trinity Broad. of Texas, Inc.*,
No. 8:24-CV-01046-JVS-ADS, 2024 WL 4394557
(C.D. Cal. Sept. 27, 2024) ....................... 7

*T.D. v. Piedmont Healthcare, Inc.*,
No. 1:23-CV-5416-TWT, 2024 WL 3972984 (N.D. Ga. Aug. 28, 2024) ........ 5,9

*Vita v. New England Baptist Hosp.*,
494 Mass. 824 (2024) ....................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................... 12

Fed. R. Civ. P. 12(f) ....................... 12

Fed. R. Civ. P. 15(a)(1)(A) ....................... 1

Fed. R. Civ. P. 23 ....................... 11

Fed. R. Civ. P. 23(b)(2) ....................... 11

Fed. R. Civ. P. 23(b)(3) ....................... 11

**Statute**

Cal. Const. Art. 1 §1 ....................... 1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Exer Holding Company, LLC ("Exer") respectfully submits[1] this first amended[2] memorandum in response to Plaintiff's Opposition[3] (ECF No. 31) to Exer's Motion to Dismiss and Motion to Strike Class Allegations (ECF No. 22). As explained below, Plaintiff's Complaint must be dismissed because his legal allegations rely on false factual allegations, which is fatal to each of his claims.

[1] By submitting this amended reply brief, Exer denies all of the arguments and allegations contained in Plaintiff's Opposition, even if not specifically addressed herein.

[2] On January 15, 2025, Exer filed its original memorandum (ECF No. 32) and accompanying Declaration of Lisa Overman (ECF No. 33) in support thereof. Exer now seeks to file this amended memorandum and accompanying, amended Declaration of Lisa Overman pursuant to Fed. R. Civ. P. 15(a)(1)(A), which provides that "a party may amend its pleading once as a matter of course no later than…21 days after serving it[.]"

[3] In Plaintiff's Opposition, he fails to address, and therefore concedes Exer's arguments that Count IV (Violation of Cal. Const. Art. 1 §1) and Count VI (Unjust Enrichment) of the Complaint must be dismissed as they are legally deficient. *See Jaime C. v. Saul,* No. 20-CV-03760-JSC, 2022 WL 1601398, at *3 (N.D. Cal. Mar. 9, 2022) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.")

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## I. PLAINTIFF'S LEGAL ALLEGATIONS ARE PREMISED ON FALSE FACTUAL ASSERTIONS, WHICH ARE FATAL TO HIS CLAIMS.

Plaintiff's Complaint must be dismissed because he relies on incorrect information relating to the functionality of Exer's Website[4] to allege that protected information was collected and transmitted to unauthorized third parties. Indeed, first Plaintiff alleges that he used the "Website to book medical appointments." *See* Opposition, pg. 10. However, this is false because at no point in time did Exer allow a user, including Plaintiff, the ability to book an online or in-person appointment *directly* over the Website in order to receive services provided by Exer. *See* Declaration of Lisa Overman, ¶ 5. Rather, to book an online or in-person appointment, a user is *redirected* from the Website to a third-party website. *See Id.*

Second, Plaintiff alleges that he used the "Website to…communicate… regarding test results and medical care." *See* Opposition, pg. 10. Again, this is false because at no point in time did Exer allow a user, including Plaintiff, the ability to view medical records (including test results and lab results) *directly* over the Website. *See* Declaration of Lisa Overman, ¶¶ 6-7 Rather, to view medical records (including test results and lab results), a user is *redirected* from the Website to a third-party website. *See Id.* Once there, the user is required to log into a patient portal using their log-in credentials. *See Id*

Third, Plaintiff alleges that he used the "Website to…pay bills[.]" *See*

[4] exerurgentcare.com (the "Website").

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Opposition, pg. 3. Again, this is false because at no point in time did Exer allow a user, including Plaintiff, the ability to view or pay medical bills *directly* over the Website. *See* Declaration of Lisa Overman, ¶¶ 6,8. Rather, to view or pay medical bills, a user is *redirected* from the Website to a third-party website. *See Id.* Once there, the user is required to log into a patient portal using their log-in credentials. *See Id*

Accordingly, as illustrated above, Plaintiff filed his Complaint prior to conducting a reasonable investigation, which would have uncovered the deficiencies identified. As such, his Complaint must be dismissed as his legal allegations are premised on incorrect facts which are fatal to his claims.

## II. PLAINTIFF FAILS TO ALLEGE THAT IIHI OR PHI WAS COLLECTED, WHICH IS FATAL TO HIS CLAIMS.

Notwithstanding Plaintiff's false factual assertions, Plaintiff is left with the unsupported legal allegation that "Exer used Tracking Technologies to collect and disclose IIHI [individually identifiable health information] including Plaintiff's searches for symptoms" on the *unauthenticated, public section of the Website*. *See* Opposition, pg. 10. However, district courts sitting in the Ninth Circuit have consistently rejected Plaintiff's allegation. *See Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018) ("Plaintiff['s] argument fails because Facebook did not collect 'protected health information.'…These pages contain general health information that is accessible to the public at large. The same pages are available to every computer, tablet,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

smartphone, or automated crawler that sends GET requests to these URLs. Nothing about the URLs, or the content of the pages located at those URLs, relates 'to the past, present, or future physical or mental health or condition of an individual.'"); *Cousin v. Sharp Healthcare,* 681 F. Supp. 3d 1117, 1123–24 (S.D. Cal. 2023) ("Plaintiffs allege that they used www.sharp.com, a public website, to 'research ... doctors,' 'look for providers,' and 'search for medical specialists' and that through the sharing of this data, Defendant allowed Meta to collect their sensitive medical information. However, other courts have held that this type of data collection is not considered 'Protected Health Information'…The Court therefore finds that Plaintiffs cannot maintain their claims based upon the theory that Defendant's sharing of their browsing activity, collected on its publicly facing website, is a disclosure of their sensitive medical information."); *Nienaber v. Overlake Hosp. Med. Ctr.,* No. 2:23-CV-01159-TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024) ("Where nothing but browsing activity on a publicly available website is transmitted, courts…have held that 'the URLs, or the content of the pages located at those URLs, [do not relate] to the past, present, or future physical or mental health or condition of an individual.'"); *K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *4 (D. Or. Nov. 14, 2024) ("Regarding the Public Website, Defendant argues that URL browsing data and search queries are not PHI [Protected Health Information]. Plaintiff alleges in her complaint that she used the Public Website to search for burn specialists and burn treatments. The generic search queries created during such browsing activity,

however, do not constitute PHI.").[5]

Here, as explained above, as Plaintiff's bare legal allegation relates solely to general health information searches on the *unauthenticated, public section of the Website*, the cases Plaintiff relies on his Opposition are misplaced. For instance,

[5] District courts outside of the Ninth Circuit have also consistently rejected Plaintiff's allegation. *See Santoro v. Tower Health*, No. CV 22-4580, 2024 WL 4771398, at *5 (E.D. Pa. Nov. 13, 2024) ("Courts around the country were dismissing similar Meta Pixel claims for failure to adequately describe the HIPAA-protected information") (dismissing complaint where plaintiff alleged they "sought information on Tower Health's website"); *Rand v. Eyemart Express, LLC,* No. 3:24-CV-000621-N, 2024 WL 4376162, at *3 (N.D. Tex. Oct. 1, 2024) (dismissing complaint because "plaintiffs have not sufficiently alleged that they entered any personal health information into the website. Nor do they allege how they website is set up to enter prescription information or similar personal health information."); *American Hospital Association v. Becerra*, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("the Proscribed Combination could never fit HIPAA's definition of IIHI."); *T.D. v. Piedmont Healthcare, Inc.,* No. 1:23-CV-5416-TWT, 2024 WL 3972984, at *4 (N.D. Ga. Aug. 28, 2024) (dismissing the complaint because "the weight of persuasive authority in similar pixel tracking cases supports Piedmont's position."); *Vita v. New England Baptist Hosp.,* 494 Mass. 824, 848 (2024) (same).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Plaintiff relies on *A.D. v. Aspen Dental Mgmt., Inc*., 2024 WL 4119153, at *4 (N.D. Ill. Sept. 9, 2024) for the proposition that "information about [patients'] medical appointments and treatments" transmitted through online trackers qualifies as personal health information. *See* Opposition, pg. 10. However, as explained above, the Website is distinguishable because it redirected users to a third-party website in order to make an appointment, view medical records, and log into a patient portal using log-in credentials. *See* Declaration of Lisa Overman, ¶¶ 5-8. Additionally, the cases Plaintiff relies on contradict one another. For instance, Plaintiff relies on *M.G. v. Therapymatch, Inc,* 2024 WL 4219992, at *3-7 (N.D. Cal. Sept. 16, 2024), which in contrast to *Aspen,* held that "allegations indicating that the plaintiff received medical treatment, physician names, and appointment discharge dates and times were not 'medical information'[.]". *See* Opposition, pg. 10. Accordingly, as Plaintiff fails to allege that PHI or IIHI was collected, his Complaint must be dismissed.

## III. PLAINTIFF FAILS TO ALLEGE THAT PII WAS COLLECTED, WHICH IS FATAL TO HIS CLAIMS.

In Exer's opening brief, Exer cites to this Court's recent decision in *Heerde v. Learfield Communications, LLC*, No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874 (C.D. Cal. July 19, 2024), which dismissed plaintiff's complaint and rejected plaintiff's argument that the mere presence of a Facebook ID ("FID") constitutes personally identifiable information ("PII"). In Plaintiff's Opposition, Plaintiff attempts to distinguish this Court's decision by alleging that "*Heerde* is an outlier

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

decision regarding violations of the Video Privacy Protection Act and did not include allegations that plaintiff was sent advertisements targeted to specific health conditions." *See* Opposition, pg. 20. However, Plaintiff's argument is wrong. First, like here, *Heerde* centered around litigation involving defendant's alleged use of tracking technologies. *See* 2:23-CV-04493-FLA, ECF. No 84. Second, like here, plaintiffs in *Heerde* alleged that "the defendants purposefully disclosed plaintiffs' communications to the tracking entities to improve the effectiveness of the tracking entities' advertising and marketing or to place third-party ads on the team websites." See *Id*., ¶ 63. Third, relying on its decision in *Heerde*, this Court again recently dismissed a similar lawsuit in *Smith v. Trinity Broad. of Texas, Inc.,* No. 8:24-CV-01046-JVS-ADS, 2024 WL 4394557, at *3 (C.D. Cal. Sept. 27, 2024) (dismissing complaint because "Smith fails to allege that her FID provides sufficient identifying information. To claim that her FID permits Meta to identify Smith, she must establish that (1) her Facebook profile is publicly accessible and (2) includes sufficient identifying information…However, Smith does not indicate that her profile is public and contains any identifying information or photos. Rather than allege what is on her personal Facebook profile, Smith merely states that the FID is PII because it leads others to her personal profile.").[6] In Plaintiff's Opposition, Plaintiff also argues that

[6] District courts outside of the Ninth Circuit have consistently also held that, in the context of online tracking litigation, a FID does not constitute PII. *See Edwards v.*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Exer's reliance on Facebook's marketing materials describing Facebook IDs as not personally identifying does not "defray liability, as this self-serving description ignores how Facebook IDs function." *See* Opposition, pg. 12. However, Plaintiff's allegation is unavailing as this Court relied on Facebook's marketing materials when dismissing the complaint in *Heerde*. *See Id.*, at *4 (*citing Control who can see your Facebook page*, Facebook, https://www.facebook.com/help/150193685051184/). As Plaintiff fails to allege that PII was collected, his Complaint must be dismissed.

## IV. PLAINTIFF'S ECPA AND CIPA CLAIMS MUST BE DISMISSED AS THE CRIME-TORT EXCEPTION IS INAPPLICABLE.

Plaintiff concedes in his Opposition that the party exception pursuant to the Electronic Communication Privacy Act ("ECPA") and the California Invasion of Privacy Act ("CIPA") applies because "Exer was a party to the communications with its Website[.]" *See* Opposition, pg. 13. Plaintiff argues that the crime-tort exception displaces the party exception because "Exer's purpose in intercepting these communications was to knowingly violate HIPAA's criminal provisions," and the

---

*Learfield Commc'ns, LLC,* 697 F. Supp. 3d 1297, 1307 (N.D. Fla. 2023) (dismissing Complaint because Plaintiffs have not alleged enough…They do not allege that Facebook ever used, or even can use, *their* UIDs to identify *them* or *their* video-watching habits. The complaint does not even allege that each Plaintiff was signed into his or her own Facebook account when visiting the Gators Website[.]"

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

"disclosure of Plaintiff's Private Information was separate and independent from its interception." *See Id*., 13-14. Notwithstanding, Plaintiff's arguments must be rejected. First, as explained above, Plaintiff erroneously alleges that protected information was collected and transmitted by relying on false factual allegations. Second, the "weight of persuasive authority in similar pixel tracking cases" have rejected Plaintiff's argument. *Piedmont Healthcare, Inc.,* 2024 WL 3972984, at *4; (listing cases); *see also Brown v. Learfield Commc'ns, LLC,* No. 1:23-CV-00374-DAE, 2024 WL 3676709, at *5 (W.D. Tex. June 27, 2024) (same). Third, Plaintiff expressly admits in his Complaint that the primary purpose of Exer's alleged use of the tracking technologies was to "monetize" and "boost…revenues." *See* Complaint, ¶¶ 6, 151. As this Court has held, even where "plaintiffs aver that defendant's motivations were to improve their marketing and advertising efforts,…the crime-tort exception is inapplicable where a defendant's primary motivation is to make money rather than to injure plaintiffs[.]" *Roe v. Amgen Inc.,* No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024). Accordingly, Plaintiff's ECPA and CIPA claims must be dismissed.

## V. EXER'S MOTION TO STRIKE IS TIMELY AS PLAINTIFF IS UNABLE TO CERTIFY A CLASS EVEN WITH DISCOVERY.

Within Plaintiff's Opposition, Plaintiff alleges that Exer's Motion to Strike Class Allegations is premature. *See* Opposition, pg. 20-23. However, as the Supreme Court has observed, Fed. R. Civ. P. 23 plays a critical role in maintaining the integrity

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

of the judicial system because a class action "can exert substantial pressure on a defendant 'to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability.'" *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds,* 568 U.S. 455, 474 (2013) (internal citation omitted); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 445 (2010) ("When representative plaintiffs seek statutory damages, pressure to settle may be heightened because a class action poses the risk of massive liability unmoored to actual injury."). Recognizing this inequity, "district courts have the authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified." *Larry Pearl v. Coinbase Global, Inc*., No. 22-CV-03561-MMC, 2024 WL 3416505, at *2 (N.D. Cal. July 15, 2024) (internal citation omitted). Applying the legal standard within Fed. R. Civ. P. 23, district courts have held that a class cannot be certified in the context of litigation involving tracking technologies. For instance, just recently in *Martinez v. D2C, LLC,* No. 23-21394-CIV, 2024 WL 4367406, at *7 (S.D. Fla. Oct. 1, 2024), the Southern District of Florida denied class certification and held that "the plaintiffs' attempt to establish numerosity…is problematic for several reasons." Specifically, the court rejected plaintiffs' "central theory that the mere presence of the Meta Pixel on Univision's website resulted in the transmission of tens of thousands of Univision subscribers' personally identifiable information from Univision to Meta." *Id.,* at *6. Furthermore, the court held that in addition to merely visiting a website, the visitor must have also:

> (1) had a Facebook account at the time the video was selected;
> (2) used a web browser that didn't block the Pixel by default;
> (3) been simultaneously logged into the subscriber's own Facebook account while selecting the video;
> (4) been simultaneously logged into Facebook on the same device that the subscriber used to select the video;
> (5) been simultaneously logged into Facebook using the same browser through which the subscriber selected the video; and
> (6) not deployed any number of browser settings or add-on software that would have blocked the Pixel.

*Id.,* at *7–8. Applying the above factors, the court held that plaintiffs are unable to meet the numerosity requirement of Rule 23 even though "35,845 subscribers…viewed at least one prerecorded video on Univision's website" during the period the Meta Pixel was implemented." *Id*. at *2.The Southern District of Florida is not the first jurisdiction to deny class certification in the context of litigation involving tracking technologies. For instance, in *In re Hulu Priv. Litig*., the Northern District of California denied class certification for lack of ascertainability because:

> the court cannot tell how potential class members reliably could establish by affidavit the answers to the potential questions: do you log into Facebook and Hulu from the same browser; do you log out of Facebook; do you set browser settings to clear cookies; and do you use software to block cookies?...The possibility of substantial pecuniary gain affects this analysis too…That incentive and the vagaries of subjective recollection makes this case different than the small-ticket consumer protection class actions that this district certifies routinely…Plaintiffs have not defined an ascertainable class.

*Id*, No. C 11-03764 LB, 2014 WL 2758598, at *16 (N.D. Cal. June 17, 2014). The Northern District of California further held that Fed. R. Civ. P. 23(b)(2) and (b)(3) requirements were not satisfied because:

> In the end, the substantial issues about remaining logged into Facebook and clearing and blocking cookies mean that the court cannot conclude on this record that the common issues predominate over the individual ones…Given that even the court's best guess at subclassing would not

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

> address the issues about ascertainability and identify the class members, the court finds on this record that common issues do not predominate…[B]ased on the court's holding that a class is not ascertainable on this record, class treatment is not superior.

*Id.*, 2014 WL 2758598, at *22-23.

Here, in contrast to the holdings in *Martinez* and *In re Hulu Priv. Litig*, Plaintiff fails to cite to a single case in his Opposition which has certified a class in the context of litigation involving tracking technologies. *See Id.*, *generally*. Rather, Plaintiff seeks to represent a class defined as "all individuals residing in the United States who are, or were, patients of Defendant or any of its affiliates, used Defendant's Website and had their Private Information disclosed to a third party without authorization." *See* Complaint, ¶ 180. However, Plaintiff is unable to maintain a class because as explained above, similar to the plaintiff in *Martinez* and *In re Hulu Priv. Litig*, Plaintiff's central theory is that the alleged mere presence of the online tracker resulted in the transmission of a visitor's information.

## IV. CONCLUSION

WHEREFORE, Exer respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing this matter; or alternatively pursuant to Fed. R. Civ. P. 12(f) for an order striking Plaintiff's class allegations. Exer seeks such further relief as appears lawful, equitable, and just.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

DATED: January 27, 2025

WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Jacob P. Wilson*

JACOB P. WILSON
CHRISTOPHER J. SEUSING
(*Admitted Pro Hac Vice*)
SEAN V. PATEL
(*Pro Hac Vice Forthcoming)*
***Attorneys for Defendant,***
***EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2025, I electronically filed the foregoing **DEFENDANT EXER HOLDING COMPANY, LLC'S FIRST AMENDED MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew J. Langley, Esq.
**ALMEIDA LAW GROUP, LLC**
849 W. Webster Avenue
Chicago, IL 60614
Tel: 773-554-9354
matt@almeidalawgroup.com

***Attorneys for Plaintiff,***
***NICK GAIGE and the Proposed Class***

*/s/ Teresa Cabanday*
Teresa Cabanday