Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (SBN: 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

***Attorneys for Defendant,***
***EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICK GAIGE, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

EXER HOLDING COMPANY, LLC,

Defendant.

Case No. 2:24-CV-06099-AH-AJR

*(The Honorable Anne Hwang Presiding, Courtroom 9C)*

**DEFENDANT EXER HOLDING COMPANY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Filing Date: July 19, 2024

Trial Date: None Set

Defendant Exer Holding Company, LLC ("Exer"), by and through its undersigned counsel, respectfully files this Answer to the Putative Class Action Complaint (ECF No 1, the "Complaint") of Plaintiff Nick Gaige as follows:

Exer denies all allegations in the Complaint except to the extent expressly admitted herein. Because the headings, footnotes, and exhibits in and attached to the Complaint are not allegations, Exer does not respond to them. To the extent a response to the headings, footnotes, and exhibits is necessary, Exer denies the allegations contained in any headings, footnotes, and exhibits.

Exer responses herein are made upon information and belief and may change subject to further investigation. Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## NATURE OF THE ACTION

1. Information concerning a person's physical and mental health is among the most confidential and sensitive information in our society and the mishandling of such information can have serious consequences including, but certainly not limited to, discrimination in the workplace and/or denial of insurance coverage.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 1 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

2. Simply put, if people do not trust that their sensitive private information will be kept private and secure, they may be less likely to seek medical treatment which can lead to much more serious health consequences down the road. In addition,

protecting medical information and making sure it is kept confidential and not disclosed to any unauthorized entities is vitally necessary to maintain public trust in the healthcare system as a whole.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 2 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

3. Plaintiff brings this class action lawsuit to address Exer's illegal and widespread practice of disclosing its patients confidential personally identifiable information ("PII") and protected health information ("PHI", collectively referred to as "Private Information") to unauthorized third parties, including Meta Platforms, Inc. d/b/a Meta ("Facebook" or "Meta") and Google LLC ("Google").

**ANSWER:** Paragraph 3 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

4. Defendant operates, controls and manages over 55 clinics across the Los Angeles area. Defendant owns and controls the website exerurgentcare.com and its webpages (the "Website")

**ANSWER:** In response to Paragraph 4 of the Complaint, Exer admits the allegations.

5. Defendant's illegal privacy violations occurred and continue to occur because of the tracking technologies that it installed on its Website including, but not limited to, the Meta Pixel (the "Pixel"), Facebook SDK, Facebook Conversions API,

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Google Analytics, Google Tag Manager, DoubleClick (owned by Google), and related tools (collectively, "Tracking Technologies")

**ANSWER:** Paragraph 5 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

6. The Tracking Technologies that Defendant used allowed unauthorized third parties to intercept the contents of patient communications, view patients' Private Information, mine it for purposes unrelated to the provision of healthcare and further monetize it to deliver targeted advertisements to specific individuals.

**ANSWER:** Paragraph 6 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

7. Exer owns and controls the Website, which it encourages its patients to use to (i) book medical appointments, (ii) locate urgent care and primary care facilities, (iii) pay bills, (iv) research medical treatment options and (v) review information related to their medical health conditions.

**ANSWER:** In response to Paragraph 7 of the Complaint, Exer admits only that it owns and controls the Website, which speaks for itself. Exer denies the remaining allegations.

8. In doing so, and by designing its Website in the manner described throughout this Complaint, Exer knew or should have known that its patients would use the Website to communicate Private Information in conjunction with obtaining and receiving medical services.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 8 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

9. Operating as designed and as implemented by Defendant, the Pixel allowed the Private Information that Plaintiff and Class Members submitted to Defendant to be unlawfully disclosed to Facebook alongside their unique and persistent Facebook ID ("FID"), IP address and other static identifiers in violation of HIPAA, state laws, industry standards and patient expectations.

**ANSWER:** Paragraph 9 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

10. Simply put, the health information disclosed through the Tracking Technologies is personally identifiable.

**ANSWER:** Paragraph 10 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

11. By installing Tracking Technologies on its Website, Defendant effectively planted a bug in Plaintiff's and Class Members' web browsers that caused their communications to be intercepted, disclosed, accessed, viewed and captured by third parties in real time.

**ANSWER:** Paragraph 11 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

12. Plaintiff and Class Members used Defendant's Website to submit information related to their past, present or future health conditions, including, for

example, searches for personal medical conditions, treatments and diagnosis, and the booking of medical appointments. Such Private Information would allow a third party, such as Facebook or Google, to know that a specific patient was seeking confidential medical care from Defendant as well as the type of medical care patients are seeking for their past, present, and future physical health.

**ANSWER:** Paragraph 12 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

13. Defendant is a healthcare entity and thus its disclosure of health and medical communications is tightly regulated. HHS has established "Standards for Privacy of Individually Identifiable Health Information" (also known as the "Privacy Rule") governing how health care providers must safeguard and protect Private Information. Under the HIPAA Privacy Rule, no health care provider may disclose a person's personally identifiable protected health information to a third party without express written authorization.

**ANSWER:** Paragraph 13 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

14. Healthcare patients simply do not anticipate or expect that their trusted healthcare provider will send personal health information or confidential medical information collected via its webpages to a hidden third party—let alone Facebook

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

and Google, which both have a sordid history of privacy violations in pursuit of ever-increasing advertising revenue—without the patients' consent. Neither Plaintiff nor any other Class Member signed a written authorization permitting Defendant to send their Private Information to Facebook or Google.

**ANSWER:** Paragraph 14 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

15. And as noted by the Honorable William J. Orrick in a decision concerning the use of the Facebook Pixel by healthcare organizations,

> Our nation recognizes the importance of privacy in general and health information in particular: the safekeeping of this sensitive information is enshrined under state and federal law. The allegations against Meta are troubling: Plaintiff raise potentially strong claims on the merits and their alleged injury would be irreparable if proven.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 15 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

16. Consequently, Plaintiff brings this action for legal and equitable remedies to address and rectify the illegal conduct and actions described herein, to enjoin Defendant from making similar disclosure of its patients' Private Information in the future, and to fully articulate, inter alia, the specific Private Information it disclosed to third parties and to identify the recipients of that information.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 16 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

17. Defendant breached its statutory and common law obligations to Plaintiff and Class Members by, inter alia,: (i) failing to remove or disengage technology that was known and designed to share web-users' information; (ii) failing to obtain the written consent of Plaintiff and Class Members to disclose their Private Information to Facebook or others; (iii) failing to take steps to block the transmission of Plaintiff's and Class Members' Private Information through Tracking Technologies like the Facebook Pixel or Google Analytics; (iv) failing to warn Plaintiff and Class Members; and (v) otherwise failing to design, and monitor its Website to maintain the confidentiality and integrity of patient Private Information.

**ANSWER:** Paragraph 17 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

18. As a result of Defendant's conduct, Plaintiff and Class Members have suffered numerous injuries, including: (i) invasion of privacy; (ii) loss of benefit of the bargain, (iii) diminution of value of their Private Information, (iv) statutory damages, and (v) the continued and ongoing risk to their Private Information.

**ANSWER:** Paragraph 18 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

19. Plaintiff seeks to remedy these harms and brings causes of action for (i) violation of the Electronics Communication Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), et seq.; (ii) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, et seq.; (iii) violation of the California Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, et seq.; (iv) violation of California Constitution Article 1 § 1, et seq.; (v) invasion of privacy; and (vi) unjust enrichment.

**ANSWER:** Paragraph 19 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**PARTIES**

20. Plaintiff Nick Gaige is, and at all relevant times was, an individual residing in Los Angeles, California.

**ANSWER:** In response to Paragraph 20 of the Complaint, Exer lacks information sufficient to answer the allegations related to Plaintiff's residency. Exer denies the remaining allegations.

21. Defendant Exer Holding Company, LLC is a Delaware limited liability company, with its principal place of business located in El Segundo, California.

**ANSWER:** In response to Paragraph 21 of the Complaint, Exer admits the allegations.

22. Defendant operates numerous urgent care centers throughout the Los Angeles, California metro area under its brand name Exer Urgent Care.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** In response to Paragraph 22 of the Complaint, Exer admits the allegations.

23. Defendant is a covered entity under HIPAA.

**ANSWER:** Paragraph 23 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**JURISDICTION & VENUE**

24. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this case is brought as a class action where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class, is a citizen of a state different from Defendant. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 because this Complaint alleges question of federal laws under the ECPA (18 U.S.C. § 2511, et seq.).

**ANSWER:** Paragraph 24 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

25. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District and the acts and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

**ANSWER:** Paragraph 25 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

26. Venue is proper under 28 U.S.C § 1391(b)(1) because Defendant's

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

principal place of business is located in this District, and the acts and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

**ANSWER:** Paragraph 26 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

## COMMON FACTUAL ALLEGATIONS

### A. Background

27. Facebook operates the world's largest social media company and generated $117 billion in revenue in 2021, roughly 97% of which was derived from selling advertising space.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 27 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

28. In conjunction with its advertising business, Facebook encourages and promotes entities and website owners, such as Defendant, to utilizes its "Business Tools" to gather, identify, target, and market products and services to individuals.

**ANSWER:** Exer denies the allegations contained in Paragraph 28 of the Complaint.

29. Facebook's Business Tools, including the Pixel and Conversions API, are bits of code that advertisers can integrate into their webpages, mobile applications and servers, thereby enabling the interception and collection of website visitors' activity.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 29

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

to admit or deny. To the extent any allegations are directed at Exer, they are denied.

30. Specifically, the Pixel "tracks the people and type of actions they take." When a user accesses a webpage hosting the Pixel, their communications with the host webpage are instantaneously and surreptitiously duplicated and sent to Facebook's servers. Notably, this transmission does not occur unless the webpage contains the Pixel.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 30 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

31. The Pixel is customizable and programmable, meaning that the website owner controls which of its web pages contain the Pixel and which events are tracked and transmitted to Facebook.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 31 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

32. The process of adding the Pixel to webpages is a multi-step process that must be undertaken by the website owner.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 32 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

33. Facebook guides the website owner through setting up the Pixel during the setup process. Specifically, Facebook explains that there are two steps to set up a pixel: (1) Create your pixel and set up the pixel base code on your website. You can use a partner integration if one is available to you or you can manually add code to

your website. (2) Set up events on your website to measure the actions you care about, like making a purchase. You can use a partner integration, the point-and-click event setup tool, or you can manually add code to your website.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 33 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

34. Aside from the various steps to embed and activate the Pixel, website owners, like Defendant, must also agree to Facebook's Business Tools Terms by which Facebook requires website owners using the Pixel to "represent and warrant" that they have adequately and prominently notified users about the collection, sharing and usage of data through Facebook's Business Tools (including the Pixel) and that websites "will not share Business Tool Data . . . that [websites] know or reasonably should know . . . includes health, financial information or other categories of sensitive information . . . ."

**ANSWER:** Paragraph 34 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

35. Stated differently, Plaintiff's and Class Members' Private Information would not have been disclosed to Facebook but for the Defendant's decisions to install the Pixel on its Website.

**ANSWER:** Paragraph 35 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

36. As explained in more detail below, this secret transmission to Facebook

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

is initiated by Defendant's source code concurrently with Plaintiff's and Class Members' communications to their intended recipient, Defendant.

**ANSWER:** Paragraph 36 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**B. Exer Disclosed Their Private Information to Third Parties and Assisted Third Parties in Intercepting Patients' Communications with its Website.**

37. Defendant's Website is accessible on mobile devices and desktop computers and allows patients to communicate with Defendant regarding their medical care and bills.

**ANSWER:** In response to Paragraph 37 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

38. Defendant encouraged patients to use its Website to communicate their Private Information, schedule appointments, communicate information about their medical conditions and treatments, pay medical bills and more.

**ANSWER:** In response to Paragraph 38 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

39. Despite this, Defendant purposely installed Tracking Technologies on its Website and programmed specific webpage(s) to surreptitiously share its patients' private and protected communications, including Plaintiff's and Class Members'

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

PHI and/or PII, which was sent to Facebook, Google and other third parties.

**ANSWER:** Paragraph 39 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

40. The Tracking Technologies recorded and disseminated patients' information as they navigated and communicated with Defendant via the Website, simultaneously transmitting the substance of those communications to unintended and undisclosed third parties.

**ANSWER:** Exer denies the allegations contained in Paragraph 40 of the Complaint.

41. The information disseminated by the Tracking Technologies to third parties constitutes Private Information including medical information patients communicated, requested or viewed, the title of any buttons clicked (such as on the "Services" page, which communicates the particular medical service a patient is seeking for their specific medical condition), the exact phrases typed into the Website's search bar, selections made from drop-down menus or while using filtering tools and other sensitive and confidential information, the divulgence of which is and was highly offensive to Plaintiff.

**ANSWER:** Paragraph 41 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

42. This is PHI because the webpages have access to "information that relates to any individual's past, present, or future health, health care, or payment for health care."

**ANSWER:** Paragraph 42 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

43. The information collected and disclosed by Defendant's Tracking Technologies is not anonymous and is viewed and categorized by the intercepting party on receipt.

**ANSWER:** Exer denies the allegations contained in Paragraph 28 of the Complaint.

44. The information Facebook received via the Tracking Technologies was linked and connected to patients' Facebook profiles (via their Facebook ID or "c_user id"), which includes other PII.

**ANSWER:** Paragraph 45 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

45. Similarly, Google stores users' logged-in identifier on non-Google websites in its logs. Whenever a user logs-in on non-Google websites, whether in private browsing mode or non-private browsing mode, the same identifier is associated with the data Google collects from the user's browsing activities on that website. Google further logs all such data (private and non-private) within the same logs and uses these data for serving personalized ads.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 45 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

46. Simply put, the health information that was disclosed via the Tracking Technologies is personally identifiable and was sent alongside other persistent unique identifiers such as the patients' IP address, Facebook ID and device identifiers.

**ANSWER:** Paragraph 46 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**C. Exer's Tracking Technologies, Source Code, and Interception of HTTP Requests and Transmission of HTTP Requests.**

47. Web browsers are software applications that allow consumers to navigate the internet and exchange electronic communications, and every "client device" (computer, tablet or smart phone) has a web browser (e.g., Microsoft Edge, Google Chrome, Mozilla's Firefox, etc.).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 47 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

48. Every website is hosted by a computer "server" which allows the website's owner (Defendant) to display the Website and exchange communications with the website's visitors (Plaintiff and Class Members) via the visitors' web browser.

**ANSWER:** In response to Paragraph 48 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

49. When patients used Defendant's Website, they engaged in an ongoing back-and-forth exchange of electronic communications with Defendant wherein their web browser communicated with Defendant's computer server—like how two telephones communicate.

**ANSWER:** In response to Paragraph 49 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

50. These communications are invisible to ordinary consumers, but one browsing session may consist of thousands of individual HTTP Requests and HTTP Responses.

**ANSWER:** In response to Paragraph 50 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

51. A patient's HTTP Request essentially asks the Defendant's Website to retrieve certain information (such as a "Find Your Location" page), and the HTTP Response renders or loads the requested information in the form of "Markup" (the pages, images, words, buttons and other features that appear on the patient's screen as they navigate Defendant's Website).

**ANSWER:** In response to Paragraph 51 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

52. Every webpage is comprised of both Markup and "source code." Source code is simply a set of instructions that commands the website visitor's browser to take certain actions when the web page first loads or when a specified event triggers

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

the code.

**ANSWER:** In response to Paragraph 52 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

53. Defendant's Tracking Technologies were embedded in its Website' source code, which is contained in its HTTP Response. The Tracking Technologies, which were programmed to automatically track patients' communications and transmit them to third parties, executed instructions that effectively opened a hidden spying window into each patients' web browser, through which third parties intercepted patients' communications and activity.

**ANSWER:** Paragraph 53 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

54. For example, when a patient visits www.exerurgentcare.com and selects the link to the "Services" webpage, the patient's browser automatically sends an HTTP Request to Defendant's web server. Defendant's web server automatically returns an HTTP Response, which loads the Markup for that particular webpage. As depicted below, the user only sees the Markup, not Defendant's source code or underlying HTTP Requests and Responses.

**ANSWER:** Paragraph 54 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

55. The image above displays the Markup of Defendant's webpage. Behind the scenes, however, Tracking Technologies like the Meta Pixel are embedded in the source code, automatically transmitting everything the patient does on the webpage and effectively opening a hidden spy window into the patients' browser.

**ANSWER:** Paragraph 55 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

**D. Defendant Disclosed Plaintiff's and Class Members' Private Information to Facebook and other Third Parties Using Tracking Technologies.**

56. In this case, Defendant employed Tracking Technologies to intercept, duplicate and re-direct Plaintiff's and Class Members' Private Information to Facebook and other third parties.

**ANSWER:** Paragraph 56 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

57. Defendant's source code manipulates the patient's browser by secretly instructing it to disclose the patient's communications (HTTP Requests) with Defendant and to send those communications to Facebook. These transmissions occur contemporaneously, invisibly and without the patient's knowledge.

**ANSWER:** Exer denies the allegations contained in Paragraph 57 of the Complaint.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

58. Thus, without its patients' consent, Defendant used its source code to commandeer and "bug" or "tap" its patients' computing devices, allowing Facebook and other third parties to listen in on all of their communications with Defendant and thereby intercept those communications, including their Private Information.

**ANSWER:** Paragraph 58 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

59. The Tracking Technologies allow Defendant to optimize the delivery of ads, measure cross-device conversions, create custom audiences and decrease advertising and marketing costs. However, Defendant's Website does not rely on the Tracking Technologies to function.

**ANSWER:** Paragraph 59 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

60. While seeking and using Defendant's services as a medical provider, Plaintiff and Class Members communicated their Private Information to Defendant via its Website.

**ANSWER:** Paragraph 60 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

61. Plaintiff and Class Members were not aware that their Private Information would be shared with third parties as it was communicated to Defendant

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

because, amongst other reasons, Defendant did not disclose this fact.

**ANSWER:** Paragraph 61 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

62. Plaintiff and Class Members never consented, agreed, authorized or otherwise permitted Defendant to disclose their Private Information to third parties, nor did they intend for anyone other than Defendant to be a party to their communications (many of them highly sensitive and confidential) with Defendant.

**ANSWER:** Paragraph 62 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

63. Defendant's Tracking Technologies sent non-public Private Information to third parties like Facebook and Google, including but not limited to Plaintiff's and Class Members': (i) status as medical patients; (ii) protected health conditions; (iii) medical treatments; (iv) locations where they sought medical care and (v) specific search queries, such as searches for medical treatment, information, and diagnosis.

**ANSWER:** Paragraph 63 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

64. Importantly, the Private Information Defendant's Tracking Technologies sent to third parties included PII that allowed those third parties to

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

connect the Private Information to a specific patient. Information sent to Facebook was sent alongside the Plaintiff's and Class Members' Facebook ID ("FID"), thereby allowing individual patients' communications with Defendant and the Private Information contained in those communications to be linked to their unique Facebook accounts and therefore their identity.

**<u>ANSWER</u>:** Paragraph 64 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

65. A user's FID is linked to their Facebook profile, which contains a wide range of demographic and other information about the user including, but not limited to, location, pictures, personal interests, work history and relationship status. Because the user's Facebook ID uniquely identifies an individual's Facebook account, Facebook—or any ordinary person—can easily use the Facebook ID to locate, access and view the user's corresponding Facebook profile.

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 65 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

66. Defendant deprived Plaintiff and Class Members of their privacy rights when it: (i) implemented Tracking Technologies that surreptitiously tracked, recorded and disclosed Plaintiff's and other patients' confidential communications and Private Information; (ii) disclosed patients' protected information to unauthorized third parties and (iii) undertook this pattern of conduct without notifying Plaintiff or Class

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Members and without obtaining their express written consent.

**ANSWER:** Paragraph 66 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

67. By installing and implementing the Meta Pixel, Google Analytics, and other Tracking Technologies, Defendant caused Plaintiff's and Class Member's communications to be intercepted by and/or disclosed to Facebook, Google, and other third parties, and for those communications to be personally identifiable.

**ANSWER:** Paragraph 67 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

68. As explained below, these unlawful transmissions are initiated by Defendant's source code concurrent with communications made via the Website.

**ANSWER:** Paragraph 68 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**E. Defendant's Tracking Technologies Disseminate Patient Information Via Its Website.**

69. If a patient uses Defendant's Website to find care, its Website directs them to communicate Private Information, including zip code, city and state or address, type of visit (office or virtual), reason for seeking care and phone number.

**ANSWER:** Paragraph 69 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

70. Unbeknownst to the patient, this communication is sent to Facebook and other third-party entities via Defendant's Pixel and other Tracking Technologies, including the location a patient has selected.

**ANSWER:** Paragraph 70 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

71. In the example below, the user navigated to the "Locations" page on Defendant's Website where the user is prompted by Defendant's Website to find a location by inputting personal information regarding their location and medical condition:

**ANSWER:** Paragraph 71 of the Complaint is a statement of Plaintiff's position, to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

72. Unbeknownst to ordinary patients, this webpage—which is undoubtedly used to communicate Private Information for the purpose of seeking medical treatment—contains Defendant's Tracking Technologies. The image below shows the "behind the scenes" portion of the website that is invisible to ordinary users:

**ANSWER:** Paragraph 72 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

73. Thus, without alerting the user, Defendant's Pixel sends the

communications the user made via the webpage to Facebook, and the images below confirm that the communications Defendant sends to Facebook contain the user's Private Information.

**ANSWER:** Paragraph 73 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

74. The first line of highlighted text, "id=412111446762705" refers to Defendant's Pixel ID and confirms that it implemented the Pixel into its source code for this webpage and transmitted info to Facebook from this webpage

**ANSWER:** In response to Paragraph 74 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

75. The text ("GET"), at the top of the image, demonstrates that Defendant's Pixel sent the user's communications, and the Private Information contained therein, alongside the user's Facebook ID (c_user ID) thereby allowing the user's communications and actions on the website to be linked to their specific Facebook profile.

**ANSWER:** Paragraph 75 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

76. The image demonstrates that the user's Facebook ID (highlighted as "c_user=" in the image above) was sent alongside the other data.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** In response to Paragraph 76 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

77. Together with the identifying information, Defendant discloses to Facebook the exact location that the user is searching for.

**ANSWER:** Paragraph 77 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

78. The screenshot above displays the Pixel id number of the tracker installed on Defendant's website. On the line below, "ev: PageView," identifies and categorizes which actions the user took on the webpage ("ev" is an abbreviation for event, and "PageView" is the type of event). Thus, this identifies the user as having searched for and navigated to the webpage with Exer's Anaheim-South location.

**ANSWER:** Paragraph 78 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

79. Exer also discloses that the webpage the user navigated to prior to this was the general "locations" page.

**ANSWER:** In response to Paragraph 79 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

80. Defendant also discloses the specific and personal medical conditions, tests and treatments that users search for on its Website. In the images below we see

that when a user communicates their PHI to Exer by searching for information on their medical conditions on the "patient services" webpage, Exer discloses to Facebook the specific conditions and services that the user searches for.

**ANSWER:** Paragraph 80 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

81. In Figure 6, above, we can see that Exer discloses when a user searches for "patient services" and specifically communicates that they are asking for information concerning "std testing."

**ANSWER:** Paragraph 81 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

82. In Figure 7, below, Exer is disclosing to Facebook that a user has is communicating and searching for information concerning the medical need for "abscess cyst drainage."

**ANSWER:** In response to Paragraph 82 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

83. To make matters worse, Defendant's Pixel even tracks and records the exact text and phrases that a user types into the general search bar located on Defendant's homepage.

**ANSWER:** In response to Paragraph 83 of the Complaint, Exer states that the

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Website speaks for itself. The remaining allegations are denied.

84. That exact phrase is sent to Facebook, thereby allowing the user's medical condition to be linked to their individual Facebook account for future retargeting and exploitation. There is no legitimate reason for sending this information to Facebook.

**ANSWER:** Paragraph 84 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

85. Defendant discloses the user's website activity and the contents of their communications to Facebook alongside their PII. Several different methods allow marketers and third parties to identify individual website users, but the examples above demonstrate what happens when the website user is logged into Facebook on their web browser or device. When this happens, the website user's identity is revealed via third-party cookies that work in conjunction with the Pixels.

**ANSWER:** Paragraph 85 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

86. For example, the Pixel transmits the user's c_user cookie, which contains that user's unencrypted Facebook ID, and allows Facebook to link the user's online communications and interactions to their individual Facebook profile.

**ANSWER:** Paragraph 86 of the Complaint contains legal conclusions to which

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

87. Facebook receives at least five cookies when Defendant's website transmits information via the Pixels:

**ANSWER:** In response to Paragraph 87 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

88. The fr cookie contains an encrypted Facebook ID and browser identifier. Facebook, at a minimum, uses the fr cookie to identify users, and this cookie can stay on a user's website browser for up to 90 days after the user has logged out of Facebook.

**ANSWER:** In response to Paragraph 88 of the Complaint, Exer lacks sufficient information to answer the allegations and therefore denies the same.

89. At each stage, Defendant also utilizes the _fbp cookie, which attaches to a browser as a first-party cookie, and which Facebook uses to identify a browser and a user.

**ANSWER:** In response to Paragraph 89 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

90. The Pixel uses both first- and third-party cookies, and both were used on the Website.

**ANSWER:** In response to Paragraph 90 of the Complaint, Exer states that the Website speaks for itself. The remaining allegations are denied.

91. At present, the full breadth of Defendant's tracking and data sharing practices is unclear, but evidence suggests Defendant is using additional tracking pixels and tools to transmit its patients' Private Information to additional third parties.

**ANSWER:** Paragraph 91 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

92. Defendant does not disclose that the Pixels, Google Analytics, or any other Tracking Technologies embedded in the Website's source code track, record, and transmit Plaintiff's and Class Members' Private Information to Facebook and Google. Moreover, Defendant never received consent or written authorization to disclose Plaintiff's and Class Members' private communications to Facebook or Google.

**ANSWER:** Paragraph 92 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

**D. Defendant's Conduct Is Unlawful and Violated Industry Norms.**

***i. Defendant Violated its own Privacy Policies.***

93. Defendant's Website Privacy Policy states that "[w]e may disclose aggregated information about our users, and information that does not identify any individual, without restriction. However, except as otherwise described in this Privacy Policy, or if we inform you otherwise at the time of data collection and receive your

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

consent where required, we will not sell, trade, or share your Personal Information with third parties."

**<u>ANSWER</u>:** In response to Paragraph 93 of the Complaint, Exer states that the Website Privacy Policy speaks for itself. The remaining allegations are denied.

94. Defendant's Website Privacy Policy further states that "to the extent we collect health information from you that is subject to the Health Information Portability and Accountability Act ("HIPAA") or state privacy laws, different standards apply. For more information about how we use and disclose such health information, please see our Notice of Privacy Policies."

**<u>ANSWER</u>:** In response to Paragraph 94 of the Complaint, Exer states that the Website Privacy Policy speaks for itself. The remaining allegations are denied.

95. Defendant's Notice of Privacy Practices is also referred to on its Website as its' Notice of HIPAA Privacy Practices.

**<u>ANSWER</u>:** In response to Paragraph 95 of the Complaint, Exer states that the Notice of HIPAA Privacy Practices speaks for itself. The remaining allegations are denied.

96. Defendant's Notice of HIPAA Privacy Practice is clear that patients have certain rights when it comes to their personal health information."

**<u>ANSWER</u>:** Paragraph 96 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Notice of HIPAA Privacy Practices speaks for itself. The remaining allegations are

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

denied.

97. Defendant's Notice of HIPAA Privacy Practice further outlines how Defendant may use and disclose medical information for: treat you, run our organization, bill for your services, help with public health and safety issues, do research, comply with law, respond to organ and tissue donation requests, work with medical examiner or funeral director, address workers' compensation, law enforcement, and other government requests, respond to lawsuits and legal action.

**ANSWER:** In response to Paragraph 97 of the Complaint, Exer states that the Notice of HIPAA Privacy Practices speaks for itself. The remaining allegations are denied.

98. However, other uses of medical information not covered by the Notice of HIPAA Privacy Practice, such as marketing and retargeting require written authorization.

**ANSWER:** Paragraph 98 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Notice of HIPAA Privacy Practices speaks for itself. The remaining allegations are denied.

99. As a result, Defendant violated its own Notice of HIPAA Privacy Practice by unlawfully disclosing Plaintiff's and Class Members' Private Information to Meta (Facebook), Google, and likely other third parties without written authorization.

**<u>ANSWER</u>:** Paragraph 99 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Notice of HIPAA Privacy Practices speaks for itself. The remaining allegations are denied.

***ii. Defendant Violated HIPAA Standards.***

100. Under HIPAA, a healthcare provider may not disclose personally identifiable, non-public medical information about a patient, a potential patient or household member of a patient for marketing purposes without the patients' express written authorization.

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 100 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

101. The HIPAA Privacy Rule "establishes national standards to protect individuals' medical records and other individually identifiable health information (collectively defined as 'protected health information') and applies to health plans, health care clearinghouses, and those health care providers that conduct certain health care transactions electronically."

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 101 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

102. The Privacy Rule broadly defines "protected health information" ("PHI") as individually identifiable health information ("IIHI") that is "transmitted by electronic media; maintained in electronic media; or transmitted or maintained in

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

any other form or medium." 45 C.F.R. § 160.103.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 102 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

103. IIHI is defined as "a subset of health information, including demographic information collected from an individual" that is: (1) "created or received by a health care provider, health plan, employer, or health care clearinghouse"; (2) "[r]elates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual"; and (3) either (a) "identifies the individual" or (b) "[w]ith respect to which there is a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 103 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

104. Under the HIPPA de-identification rule, "health information is not individually identifiable only if": (1) an expert "determines that the risk is very small that the information could be used, alone or in combination with other reasonably available information, by an anticipated recipient to identify an individual who is a subject of the information" and "documents the methods and results of the analysis that justify such determination'"; or (2) "the following identifiers of the individual or of relatives, employers, or household members of the individual are removed;

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

> A. Names;
>
> ***
>
> H. Medical record numbers;
>
> ***
>
> J. Account numbers;
>
> ***
>
> M. Device identifiers and serial numbers;
>
> N. Web Universal Resource Locators (URLs);
>
> O. Internet Protocol (IP) address numbers; … and
>
> R. Any other unique identifying number, characteristic, or code…; and"
>
> The covered entity must not "have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is a subject of the information."

45 C.F.R. § 160.514.

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 104 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

105. The HIPAA Privacy Rule requires any "covered entity"—which includes health care providers—to maintain appropriate safeguards to protect the privacy of protected health information and sets limits and conditions on the uses and disclosures that may be made of protected health information without authorization. 45 C.F.R. §§ 160.103, 164.502.

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 105 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

106. An individual or corporation violates the HIPAA Privacy Rule if it

knowingly and in violation of 42 U.S.C. §§ 1320d-1320d-9 ("Part C"): "(1) uses or causes to be used a unique health identifier; [or] (2) obtains individually identifiable health information relating to an individual." The statute states that a "person … shall be considered to have obtained or disclosed individually identifiable health information in violation of [Part C] if the information is maintained by a covered entity … and the individual obtained or disclosed such information without authorization." 42 U.S.C. § 1320d-6.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 106 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

107. The criminal and civil penalties imposed by 42 U.S.C. § 1320d-6 apply directly to Defendant when it is knowingly disclosing individually identifiable health information relating to an individual, as those terms are defined under HIPAA.

**ANSWER:** Paragraph 107 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

108. Violation of 42 U.S.C. § 1320d-6 is subject to criminal penalties. 42 U.S.C. § 1320d-6(b). There is a penalty enhancement where "the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm." In such cases, the entity that knowingly obtains individually identifiable health information relating to an individual shall "be fined not more than $250,000, imprisoned not more than 10 years,

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

or both."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 108 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

109. In Guidance regarding Methods for De-identification of Protected Health Information in Accordance with the Health Insurance Portability and Accountability Act Privacy Rule, the HHS instructs:

> Identifying information alone, such as personal names, residential addresses, or phone numbers, would not necessarily be designated as PHI. For instance, if such information was reported as part of a publicly accessible data source, such as a phone book, then this information would not be PHI because it is not related to health data… If such information was listed with health condition, health care provision, or payment data, such as an indication that the individual was treated at a certain clinic, then this information would be PHI.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 109 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

110. In its guidance for marketing, HHS further instructs:

> The HIPAA Privacy Rule gives individuals important controls over whether and how their protected health information is used and disclosed for marketing purposes. With limited exceptions, the Rule requires an individual's written authorization before a use or disclosure of his or her protected health information can be made for marketing. …

> Simply put, a covered entity may not sell protected health information to a business associate or any other third party for that party's own purposes. Moreover, covered entities may not sell lists of patients to third parties without obtaining authorization from each person on the list. (emphasis added).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 110 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

111. As alleged above, the OCR addresses the obligations of "regulated entities," which are HIPAA-covered entities and business associates, when using tracking technologies.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 111 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

112. The Bulletin expressly provides that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of PHI to tracking technology vendors or any other violations of the HIPAA Rules." (emphasis in original).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 112 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

113. As such, Defendant's actions violated HIPAA.

**ANSWER:** Paragraph 113 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

allegations.

***ii. Defendant Violated Industry Standards.***

114. A medical provider's duty of confidentiality is a cardinal rule and is embedded in the physician-patient and hospital-patient relationship

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 114 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

115. The American Medical Association's ("AMA") Code of Medical Ethics contains numerous rules protecting the privacy of patient data and communications.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 115 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

116. AMA Code of Ethics Opinion 3.1.1 provides:

> Protecting information gathered in association with the care of the patient is a core value in health care… Patient privacy encompasses a number of aspects, including, … personal data (informational privacy)

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 116 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

117. AMA Code of Medical Ethics Opinion 3.2.4 provides:

> Information gathered and recorded in association with the care of the patient is confidential. Patients are entitled to expect that the sensitive personal information they divulge will be used solely to enable their physician to most effectively provide needed services. Disclosing information for commercial purposes without consent undermines trust, violates principles of informed consent and confidentiality, and may

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

harm the integrity of the patient-physician relationship. Physicians who propose to permit third-party access to specific patient information for commercial purposes should: (A) Only provide data that has been deidentified. [and] (b) Fully inform each patient whose record would be involved (or the patient's authorized surrogate when the individual lacks decision-making capacity about the purposes for which access would be granted.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 117 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

118. AMA Code of Medical Ethics Opinion 3.3.2 provides:

Information gathered and recorded in association with the care of a patient is confidential, regardless of the form in which it is collected or stored. Physicians who collect or store patient information electronically…must…:(c ) release patient information only in keeping ethics guidelines for confidentiality.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 118 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

**H. Plaintiff's and Class Members' Reasonable Expectation of Privacy.**

119. Plaintiff and Class Members were aware of Defendant's duty of confidentiality when they sought medical services from Defendant.

**ANSWER:** Paragraph 119 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

120. Indeed, at all times when Plaintiff and Class Members provided their

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Private Information to Defendant, they each had a reasonable expectation that the information would remain private and that Defendant would not share the Private Information with third parties for a commercial purpose, unrelated to patient care.

**ANSWER:** Paragraph 120 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

121. Privacy polls and studies show that the overwhelming majority of Americans consider obtaining an individual's affirmative consent before a company collects and shares its customers' data to be one of the most important privacy rights.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 121 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

122. For example, a Consumer Reports study shows that 92% of Americans believe that internet companies and websites should be required to obtain consent before selling or sharing consumer data, and the same percentage believe those companies and websites should be required to provide consumers with a complete list of the data that is collected about them.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 122 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

123. Personal data privacy and obtaining consent to share Private Information are material to Plaintiff and Class Members.

**ANSWER:** Paragraph 123 of the Complaint is a statement of Plaintiff's

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

position to which no answer is required. To the extent an answer is required, Exer denies the allegations.

124. Plaintiff and Class Members would not have used Defendant's Website, would not have provided their Private Information to Defendant and would not have paid for Defendant's healthcare services or would have paid less for them, had they known that Defendant would disclose their Private Information to third parties.

**ANSWER:** Paragraph 124 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

125. Plaintiff's and Class Members' reasonable expectations of privacy in their PII/PHI are grounded in, among other things, Defendant's status as a healthcare provider, Defendant's common law obligation to maintain the confidentiality of patients' PII/PHI, state and federal laws protecting the confidentiality of medical information, state and federal laws protecting the confidentiality of communications and computer data, state laws prohibiting the unauthorized use and disclosure of personal means of identification and Defendant's express and implied promises of confidentiality.

**ANSWER:** Paragraph 125 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**I. IP Addresses Are PII**

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

126. In addition to patient status, medical treatment and patients' unique Facebook ID, Defendant improperly disclosed and otherwise assisted Facebook, Google and/or other third parties with intercepting Plaintiff's and Class Members' Computer IP addresses.

**ANSWER:** Paragraph 126 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

127. An IP address is a number that identifies the address of a device connected to the Internet.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 127 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

128. IP addresses are used to identify and route communications on the Internet.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 128 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

129. IP addresses of individual Internet users are used by Internet service providers, websites, and third-party tracking companies to facilitate and track Internet communications.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 129 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

130. Facebook tracks every IP address ever associated with a Facebook user, and uses that information for targeting individual homes and their occupants with

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

advertising.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 130 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

131. As to Google, over 70% of online websites use Google's visitor-tracking products, Google Analytics and Google Ad Manager.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 131 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

132. Whenever a user visits a website that is running Google Analytics and Google Ad Manager, Google's software scripts on the website surreptitiously direct the user's browser to send a secret, separate message to Google's servers in California, which includes the user's IP address, the user's geolocation, information contained in Google cookies, any user-ID issued by the website to the user, and information about the browser the user is using.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 132 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

133. Under HIPAA, an IP address is considered PII.

**ANSWER:** Paragraph 133 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

134. HIPAA defines PII to include "any unique identifying number, characteristic or code" and specifically lists the example of IP addresses.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 134

to admit or deny. To the extent any allegations are directed at Exer, they are denied.

135. HIPAA further declares information as personally identifiable where the covered entity has "actual knowledge that the information to identify an individual who is a subject of the information."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 135 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

136. Consequently, by disclosing IP addresses, Defendant's business practices violated HIPAA and industry privacy standards.

**ANSWER:** Paragraph 136 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**J. Defendant Was Enriched and Benefitted from the Use of The Tracking Technologies and Unauthorized Disclosures.**

137. One of the primary reasons that Defendant decided to embed the Pixel and other tracking technologies on its Website was to commit criminal and tortious acts in violation of federal and state laws as alleged herein, namely, the use of patient data in the absence of express written consent.

**ANSWER:** Paragraph 137 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

138. Defendant's use of the Private Information after the initial interception and disclosure for marketing and revenue generation was in violation of HIPAA and an invasion of privacy.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 138 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

139. In exchange for disclosing the Private Information of its patients, Defendant is compensated by Facebook and Google in the form of enhanced advertising services and more cost-efficient marketing.

**ANSWER:** Paragraph 139 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

140. Retargeting is a form of online marketing that targets users with ads based on their previous internet communications and interactions.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 140 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

141. The process of increasing conversions and retargeting occurs in the healthcare context by sending a successful action on a health care website back to Facebook via the Tracking Technologies and the Pixel embedded on, in this case, Defendant's Website.

**ANSWER:** Paragraph 141 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

142. For example, when a user searches for an urgent care location on the Website, that information is sent to Facebook. Facebook can then use its data on the user to find more users to click on an Exer ad and ensure that those users targeted are

more likely to convert.

**ANSWER:** Paragraph 142 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

143. Through this process, the Pixel loads and captures as much data as possible when a user loads a telehealth website that has installed the Pixel. The information the Pixel captures, "includes URL names of pages visited, and actions taken—all of which could be potential examples of health information."

**ANSWER:** Paragraph 143 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

144. As part of its marketing campaign, Defendant re-targeted patients and potential patients to get more visitors to its Website to use its services. Defendant did so through use of the intercepted patient data it obtained, procured and/or disclosed in the absence of express written consent.

**ANSWER:** Paragraph 144 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer states that the Website speaks for itself. The remaining allegations are denied.

145. But companies have started to warn about the potential HIPAA violations associated with using pixels and tracking technologies because many such trackers are not HIPAA-compliant or are only HIPAA-compliant if certain steps are

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

taken

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 145 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

146. For example, Freshpaint, a healthcare marketing vendor, cautioned that "Meta isn't HIPAA-compliant. They don't sign BAAs, and the Meta Pixel acts like a giant personal user data vacuum sending PHI to Meta servers," and "[i]f you followed the Facebook (or other general) documentation to set up your ads and conversion racking using the Meta Pixel, remove the Pixel now.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 146 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

147. Medico Digital also warns that "retargeting requires sensitivity, logic and intricate handling. When done well, it can be a highly effective digital marketing tool. But when done badly, it could have serious consequences."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 147 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

148. By utilizing the Tracking Technologies, the cost of advertising and retargeting was reduced through further use of the unlawfully intercepted and disclosed Private Information, thereby benefitting Defendant while invading the privacy of Plaintiff and Class Members and violating their rights under federal and Arizona law.

**ANSWER:** Paragraph 148 of the Complaint legal conclusions to which no

answer is required. To the extent an answer is required, Exer denies the allegations.

**K. Plaintiff's and Class Members' Private Information Had Financial Value.**

149. Plaintiff's Private Information has economic value and Defendant's disclosures harmed Plaintiff and Class Members.

**<u>ANSWER</u>:** Paragraph 149 of the Complaint legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

150. Facebook regularly uses the data that it acquires to create Core and Custom Audiences as well as Lookalike Audiences and then sells that information to advertising clients.

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 150 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

151. Plaintiff's and Class Members' Private Information has considerable value as highly monetizable data especially insofar as it allows companies to gain insight into their customers so that they can perform targeted advertising and boost their revenues.

**<u>ANSWER</u>:** Paragraph 151 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

152. Professor Paul M. Schwartz, writing in the Harvard Law Review, notes: "Personal information is an important currency in the new millennium. The monetary

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

value of personal data is large and still growing, and corporate America is moving quickly to profit from the trend. Companies view this information as a corporate asset and have invested heavily in software that facilitates the collection of consumer information."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 152 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

153. Various reports have been conducted to identify the value of health data. For example, in 2023, the Value Examiner published a report entitled Valuing Healthcare Data. The report focused on the rise in providers, software firms and other companies that are increasingly seeking to acquire clinical patient data from healthcare organizations. The report cautioned providers that they must de-identify data and that purchasers and sellers of "such data should ensure it is priced at fair market value to mitigate any regulatory risk."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 153 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

154. Trustwave Global Security also published a report entitled The Value of Data. With respect to healthcare data records, the report found that they may be valued at up to $250 per record on the black market, compared to $5.40 for the next highest value record (a payment card).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 154 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

155. The value of health data has also been reported extensively in the media. For example, CNBC published an article in 2019 in which it observed that "[d]eidentified patient data has become its own small economy: There's a whole market of brokers who compile the data from providers and other health-care organizations and sell it to buyers."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 155 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

156. Similarly, Time Magazine published an article in 2017 titled "How Your Medical Data Fuels a Hidden Multi-Billion Dollar Industry" in which it described the extensive market for health data and observed that the market for information was both lucrative and a significant risk to privacy

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 156 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

157. Indeed, numerous marketing services and consultants offering advice to companies on how to build their email and mobile phone lists—including those seeking to take advantage of targeted marketing—direct putative advertisers to offer consumers something of value in exchange for their personal information. "No one is giving away their email address for free. Be prepared to offer a book, guide, webinar, course or something else valuable."

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 157 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

158. There is also a market for data in which consumers can participate. Personal information has been recognized by courts as extremely valuable. See, e.g., *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig*., 440 F. Supp. 3d 447, 462 (D. Md. 2020) ("Neither should the Court ignore what common sense compels it to acknowledge—the value that personal identifying information has in our increasingly digital economy. Many companies, like Marriott, collect personal information. Consumers too recognize the value of their personal information and offer it in exchange for goods and services.").

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 158 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

159. This economic value has been leveraged largely by corporations who pioneered the methods of its extraction, analysis and use. However, the data also has economic value to Internet users. Market exchanges have sprung up where individual users like Plaintiff herein can sell or monetize their own data.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 159 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

160. Several companies, such as Google, Nielsen, UpVoice, HoneyGain and SavvyConnect, have products through which they pay consumers for a license to track their data.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 160 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

161. Facebook also has paid users for their digital information, including browsing history. Until 2019, Facebook ran a "Facebook Research" app through which it paid $20 a month for a license to collect browsing history information and other communications from consumers between the ages 13 and 35.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 161 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

162. Additionally, healthcare data is extremely valuable to bad actors. Health care records may be valued at up to $250 per record on the black market.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 162 to admit or deny. To the extent any allegations are directed at Exer, they are denied

163. These rates are assumed to be discounted because they do not operate in competitive markets, but rather, in an illegal marketplace. If a criminal can sell other Internet users' stolen data, surely Internet users can sell their own data.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 163 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

164. Healthcare data is incredibly valuable because, unlike a stolen credit card that can be easily canceled, most people are unaware that their medical information has been sold. Once it has been detected, it can take years to undo the damage caused.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 164 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

165. In short, there is a quantifiable economic value to Internet users' data

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

that is greater than zero. The exact number will be a matter for experts to determine.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 165 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

166. Defendant gave away Plaintiff's and Class Members' communications and transactions on its Website without permission.

**ANSWER:** Paragraph 166 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

167. The unauthorized access to Plaintiff's and Class Members' personal and Private Information has diminished the value of that information, resulting in harm to Website users, including Plaintiff and Class Members.

**ANSWER:** Paragraph 167 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**PLAINTIFF GAIGE'S EXPERIENCE WITH EXER**

168. As a condition of receiving Defendant's services, Plaintiff Gaige disclosed his Private Information to Defendant on numerous occasions, and most recently in February and March 2024.

**ANSWER:** Paragraph 168 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

169. Plaintiff Gaige has been a patient of Defendant since approximately 2016.

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 169 of the Complaint and therefore denies the same.

170. Plaintiff Gaige accessed Defendant's Website on his phone and computer to receive healthcare services from Defendant and at Defendant's direction.

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 170 of the Complaint and therefore denies the same.

171. During the relevant time period, Plaintiff Gaige used Defendant's Website to research symptoms, testing, and diagnosis [redacted]. His searches for information related to his medical conditions included him visiting specific webpages that revealed his PHI through the URLs as well as searches he performed through the Website's search bar that disclosed the specific phrases used to search for information related to his medical conditions.

**ANSWER:** Paragraph 171 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

172. Plaintiff Gaige also used Defendant's [redacted].

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 172 of the Complaint and therefore denies the same.

173. Plaintiff Gaige used the Website's search bar and communicated information about his specific medical conditions resulting from an injury, including but not limited to the terms [redacted]

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 173 of the Complaint and therefore denies the same.

174. The full scope of Defendant's interceptions and disclosures of Plaintiff's communications to Facebook and other third parties can only be determined through formal discovery. However, in addition to disclosing the specific searches Plaintiff entered into the Website's search bar, Defendant intercepted at least the following communications about Plaintiff's patient status, medical conditions, treatments sought, and the receipt of healthcare, via the following long-URLs or substantially similar URLs that were sent to Meta via the Pixel and which contain information concerning Plaintiff's specific medical conditions, queries, and treatments sought:

[redacted]

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

[redacted]

**ANSWER:** Paragraph 174 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

175. Plaintiff Gaige has used and continues to use the same devices to maintain and access an active Facebook account throughout the relevant period in this case.

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 175 of the Complaint and therefore denies the same.

176. Plaintiff Gaige reasonably expected that his communications with Defendant via the Website were confidential, solely between himself and Defendant, and that such communications would not be transmitted to or intercepted by a third party.

**ANSWER:** Paragraph 176 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

177. However, as a result of the Meta Pixel Defendant chose to install on its Website, Plaintiff Gaige's Private Information was intercepted, disclosed, viewed, analyzed and used by unauthorized third parties.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 177 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

178. Defendant transmitted Plaintiff Gaige's Facebook ID, computer IP address and other device and unique online identifiers to Facebook. Defendant also transmitted information such as health and medical information including Plaintiff's particular health condition, the type of medical treatment sought, patient status and the fact that Plaintiff attempted to or did book a medical appointment.

**ANSWER:** Paragraph 178 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

179. Plaintiff Gaige never consented to the disclosure of or use of his Private Information by third parties or to Defendant enabling third parties, including Facebook, to access or interpret such information. Plaintiff Gaige never consented to any third parties' receipt or use of him Private Information.

**ANSWER:** Paragraph 179 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

180. Notwithstanding, through the Tracking Technologies embedded on Defendant's Website, Defendant transmitted Plaintiff Gaige's Private Information to, at a minimum, Facebook and likely many other third parties like Google, Bing and

others.

**ANSWER:** Paragraph 180 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

181. As a result, Plaintiff Gaige received targeted ads on Facebook or Instagram related to his specific medical conditions and/or treatments, including but not limited to medications, treatments, and other specialized medical care for [redacted]

**ANSWER:** Paragraph 181 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

182. By making these disclosures without his consent, Defendant breached Plaintiff Gaige's privacy and unlawfully disclosed his Private Information.

**ANSWER:** Paragraph 182 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

183. Defendant did not inform Plaintiff Gaige that it had shared his Private Information with Facebook.

**ANSWER:** Paragraph 183 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

184. Plaintiff Gaige used and continues to use the same devices to maintain and to access an active Facebook account throughout the relevant period for this case.

**ANSWER:** Exer lacks information to admit or deny the allegations contained in Paragraph 184 of the Complaint and therefore denies the same.

185. Plaintiff Gaige has a continuing interest in ensuring that his Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future unauthorized disclosure(s).

**ANSWER:** Paragraph 185 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## TOLLING

186. Any applicable statute of limitations has been tolled by the "delayed discovery" rule. Plaintiff did not know (and had no way of knowing) that their PII and/or PHI was intercepted and unlawfully disclosed to Facebook, Google and potentially other third parties because Defendant kept this information secret. Plaintiff only became aware of the disclosure of his information in June 2024. Alternatively, applicable statute of limitations have been tolled by other applicable rules or doctrines.

**ANSWER:** Paragraph 186 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## CLASS ACTION ALLEGATIONS

187. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated ("the Class") pursuant to Rule 23(b)(2), 23(b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 187 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

188. The Nationwide Class that Plaintiff seeks to represent is defined as follows:

> All individuals residing in the United States who are, or were, patients of Defendant or any of its affiliates, used Defendant's Website and had their Private Information disclosed to a third party without authorization.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 188 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

189. The California Sub-Class Plaintiff Gaige seeks to represent is defined as:

> All individuals residing in the State of California who are, or were, patients of Defendant or any of its affiliates, used

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Defendant's Website and had their Private Information disclosed to a third party without authorization or consent.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 189 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

190. The Nationwide Class and California Sub-Class are collectively referred to as the "Class" unless otherwise and more specifically identified.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 190 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

191. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 191 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

192. Plaintiff reserves the right to modify or amend the definition of the

proposed class before the Court determines whether certification is appropriate.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 192 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

193. Numerosity, Fed R. Civ. P. 23(a)(1). The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds of thousands of individuals whose PII and PHI may have been improperly disclosed to Facebook, and the Class is identifiable within Defendant's records.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 193 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

194. Commonality, Fed. R. Civ. P. 23(a)(2) and (b)(3). Questions of law and fact common to the Class exist and predominate over any questions affecting only individual Class Members. These include:

a. Whether and to what extent Defendant had a duty to protect the Private Information of Plaintiff and Class Members;

b. Whether Defendant had duties not to disclose the Private Information of Plaintiff and Class Members to unauthorized third parties;

c. Whether Defendant adequately, promptly and accurately informed

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Plaintiff and Class Members that their Private Information would be disclosed to third parties;

d. Whether Defendant violated the law by failing to promptly notify Plaintiff and Class Members that their Private Information had been compromised;

e. Whether Defendant adequately addressed and fixed the practices which permitted the disclosure of patient Private Information;

f. Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the Private Information of Plaintiff and Class Members;

g. Whether Plaintiff and Class Members are entitled to actual, consequential and/or nominal damages as a result of Defendant's wrongful conduct; and

h. Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of Defendant's disclosure of their Private Information.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 194 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

195. Typicality, Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class Members because all had their Private Information compromised as a result of Defendant's incorporation of the Facebook Pixel, due to Defendant's misfeasance

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 195 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

196. Adequacy, Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages Plaintiff has suffered are typical of other Class Members. Plaintiff has also retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 196 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

197. Superiority and Manageability, Fed. R. Civ. P. 23(b)(3). Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense

that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against a large corporation like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 197 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

198. Policies Generally Applicable to the Class. Fed. R. Civ. P. 23(b)(2). This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 198 of the Complaint contains legal conclusions to which no

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

answer is required. To the extent an answer is required, Exer denies the allegations.

199. The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 199 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

200. The litigation of the claims is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 200 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

201. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 201 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

202. Unless a class-wide injunction is issued, Defendant may continue disclosing the Private Information of Class Members, Defendant may continue to refuse to provide proper notification to Class Members regarding the practices complained of herein, and Defendant may continue to act unlawfully as set forth in this Complaint.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 202 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

203. Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2)

of the Federal Rules of Civil Procedure.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 203 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

204. Issue Certification, Fed. R. Civ. P. 23(c)(4). Likewise, particular issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to, the following:

a. Whether Defendant owed a legal duty to not disclose Plaintiff's and Class Members' Private Information;

b. Whether Defendant breached a legal duty to Plaintiff and Class Members to exercise due care in collecting, storing, using, and safeguarding their Private Information;

c. Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

d. Whether Defendant adequately and accurately informed Plaintiff and Class Members that their Private Information would be disclosed to third parties;

e. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information disclosed to third parties;

f. Whether Class Members are entitled to actual, consequential, and/or

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

nominal damages, and/or injunctive relief as a result of Defendant's wrongful conduct.

**ANSWER:** Exer admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 204 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF ELECTRONIC COMMUNICATIONS PRIVACY ACT *18 U.S.C. § 2511(1) et seq.*

## UNAUTHORIZED INTERCEPTION, USE AND DISCLOSURE (On Behalf of Plaintiff & the Nationwide Class)

205. Plaintiff repeats and re-alleges each and every allegation contained in the Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 205 of the Complaint, Exer incorporates by references its responses to Paragraphs 1-204 as if fully stated herein.

206. The ECPA prohibits the intentional interception of the content of any electronic communication. 18 U.S.C. § 2511.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 206 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

207. The ECPA protects both sending and receipt of communications.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 207

to admit or deny. To the extent any allegations are directed at Exer, they are denied.

208. 18 U.S.C. § 2520(a) provides a private right of action to any person whose wire or electronic communications are intercepted, disclosed, or intentionally used in violation of Chapter 119.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 208 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

209. The transmissions of Plaintiff's Private Information to Defendant via Defendant's Website qualifies as a "communication" under the ECPA's definition in 18 U.S.C. § 2510(12).

**ANSWER:** Paragraph 209 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

210. The transmissions of Plaintiff's Private Information to medical professionals qualifies as a "communication" under the ECPA's definition in 18 U.S.C. § 2510(2).

**ANSWER:** Paragraph 210 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

211. **Electronic Communications.** The transmission of Private Information between Plaintiff and Class Members and Defendant via its Website with which they chose to exchange communications are "transfer[s] of signs, signals, writing,…data,

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

[and] intelligence of [some] nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects interstate commerce" and are therefore "electronic communications" within the meaning of 18 U.S.C. § 2510(2).

**ANSWER:** Paragraph 211 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

212. Content. The ECPA defines content, when used with respect to electronic communications, to "include[] any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8) (emphasis added).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 212 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

213. Interception. The ECPA defines the interception as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device" and "contents … include any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(4), (8).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 213 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

214. Electronic, Mechanical, or Other Device. The ECPA defines "electronic, mechanical, or other device" as "any device … which can be used to intercept a[n] …

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

electronic communication[.]" 18 U.S.C. § 2510(5).

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 214 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

215. The following constitute "devices" within the meaning of 18 U.S.C. § 2510(5):

a. The cookies Defendant and Meta and Google use to track Plaintiff's and Class Members' communications;
b. Plaintiff's and Class Members' browsers;
c. Plaintiff's and Class Members' computing devices;
d. Defendant's web-servers and
e. The Tracking Technologies deployed by Defendant to effectuate the sending and acquisition of patient communications.

**ANSWER:** Paragraph 215 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

216. Whenever Plaintiff and Class Members interacted with Defendant's Website, Defendant, through the Tracking Technologies embedded and operating on its Website, including the Pixel, contemporaneously and intentionally disclosed, and endeavored to disclose the contents of Plaintiff's and Class Members' electronic communications to third parties, including Facebook and Google, without authorization or consent, and knowing or having reason to know that the electronic communications were obtained in violation of the ECPA. 18 U.S.C. § 2511(1)(c).

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 216 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

217. Whenever Plaintiff and Class Members interacted with Defendant's Website, Defendant, through the Tracking Technologies embedded and operating on its Website, including the Pixel, contemporaneously and intentionally used, and endeavored to use the contents of Plaintiff's and Class Members' electronic communications, for purposes other than providing health care services to Plaintiff and Class Members without authorization or consent, and knowing or having reason to know that the electronic communications were obtained in violation of the ECPA. 18 U.S.C. § 2511(1)(d).

**ANSWER:** Paragraph 217 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

218. Whenever Plaintiff and Class Members interacted with Defendant's Website, Defendant, through the Tracking Technologies it embedded and operated on its Website, contemporaneously and intentionally redirected and disclosed the contents of Plaintiff's and Class Members' electronic communications while those communications were in transmission, to persons or entities other than an addressee or intended recipient of such communication, including Facebook and Google.

**ANSWER:** Paragraph 218 of the Complaint contains legal conclusions to

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

which no answer is required. To the extent an answer is required, Exer denies the allegations.

219. Defendant's intercepted communications include, but are not limited to, the contents of communications to and/or from Plaintiff's and Class Members' regarding PII and PHI, treatment, scheduling details and bill payments.

**ANSWER:** Paragraph 219 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

220. Additionally, through the above-described Tracking Technologies and intercepted communications, this information was, in turn, used by third parties, such as Facebook, to 1) place Plaintiff in specific health-related categories and 2) target Plaintiff with particular advertising associated with Plaintiff's specific health conditions.

**ANSWER:** Paragraph 220 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

221. By intentionally disclosing or endeavoring to disclose the electronic communications of Plaintiff and Class Members to affiliates and other third parties, while knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1)(a), Defendant violated 18 U.S.C. § 2511(1)(c).

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 221 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

222. By intentionally using, or endeavoring to use, the contents of the electronic communications of Plaintiff and Class Members, while knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1)(a), Defendant violated 18 U.S.C. § 2511(1)(d).

**ANSWER:** Paragraph 222 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

223. Defendant intentionally used the wire or electronic communications to increase its profit margins. Defendant specifically used the Tracking Technologies to track and utilize Plaintiff's and Class Members' PII and PHI for financial gain.

**ANSWER:** Paragraph 223 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

224. Defendant was not acting under color of law to intercept Plaintiff's and Class Members' wire or electronic communication.

**ANSWER:** Paragraph 224 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

allegations.

225. Plaintiff and Class Members did not authorize Defendant to acquire the content of their communications for purposes of invading Plaintiff's privacy via the Tracking Technologies.

**ANSWER:** Paragraph 225 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

226. Any purported consent that Defendant received from Plaintiff and Class Members was not valid.

**ANSWER:** Paragraph 226 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

227. **Unauthorized Purpose**. Defendant intentionally intercepted the contents of Plaintiff's and Class Members' electronic communications for the purpose of committing a tortious or criminal act in violation of the Constitution or laws of the United States or of any State, such as California—namely, violations of HIPAA and invasion of privacy, among others.

**ANSWER:** Paragraph 227 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

228. Any party exception in 18 U.S.C. § 2511(2)(d) does not apply. The party

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

exception in § 2511(2)(d) does not permit a party that intercepts or causes interception to escape liability if the communication is intercepted for the purpose of committing any tortious or criminal act in violation of the Constitution or laws of the United States or of any State.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 228 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

229. Defendant is a "party to the communication" with respect to patient communications. However, Defendant's simultaneous, unknown duplication, forwarding and disclosure of Plaintiff's and Class Members' Private Information, separate from the interception of that information, does not qualify for the party exemption.

**ANSWER:** Paragraph 229 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

230. Here, as alleged above, Defendant violated a provision of the Health Insurance Portability and Accountability Act, specifically 42 U.S.C. § 1320d-6(a)(3). This provision imposes a criminal penalty for knowingly disclosing individually identifiable health information (IIHI) to a third party. HIPAA defines IIHI as:

> any information, including demographic information collected from an individual, that—(A) is created or received by a health care provider ... (B) relates to the past, present, or future physical or mental health or condition of

> an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and (i) identifies the individual; or (ii) with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

**ANSWER:** Paragraph 230 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

231. Plaintiff's information that Defendant disclosed to third parties qualifies as IIHI. Defendant also violated Plaintiff's expectations of privacy and violated 42 U.S.C. § 1320d(6), which constitutes tortious and/or criminal conduct. Defendant disclosed the wire or electronic communications to Facebook and other third parties to increase its profit margins. Defendant specifically used the Pixel to track and utilize Plaintiff's and Class Members' PII and PHI for financial gain.

**ANSWER:** Paragraph 231 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

232. The penalty for violation is enhanced where "the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm." 42 U.S.C. § 1320d-6.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 232

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

to admit or deny. To the extent any allegations are directed at Exer, they are denied.

233. Defendant's conduct violated 42 U.S.C. § 1320d-6 in that it:

a. Used and caused to be used cookie identifiers associated with specific patients without patient authorization; and

b. Disclosed IIHI to Facebook and Google without patient authorization.

**ANSWER:** Paragraph 233 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

234. Defendant's conduct would be subject to the enhanced provisions of 42 U.S.C. § 1320d-6 because Defendant's use of the Facebook and Google source code was for Defendant's commercial advantage to increase revenue from existing patients and gain new patients.

**ANSWER:** Paragraph 234 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

235. Healthcare patients have the right to rely upon the promises that companies make to them. Defendant accomplished its tracking and retargeting through deceit and disregard, such that an actionable claim may be made, in that it was accomplished through source code that cause Facebook pixels and cookies (including but not limited to the fbp, ga and gid cookies) and other tracking technologies to be deposited on Plaintiff's and Class members' computing devices as

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

"first-party" cookies that are not blocked.

**ANSWER:** Paragraph 235 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

236. The fbp, ga, and gid cookies, which constitute programs, commanded Plaintiff's and Class Members' computing devices to remove and redirect their data and the content of their communications with Defendant to Google, Facebook, and others.

**ANSWER:** Paragraph 236 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

237. Defendant knew or had reason to know that the fbp, ga, and gid cookies would command Plaintiff's and Class Members' computing devices to remove and redirect their data and the content of their communications with Defendant to Google, Facebook, and others.

**ANSWER:** Paragraph 237 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

238. Defendant's scheme or artifice to defraud in this action consists of: (a) the false and misleading statements and omissions in its privacy policy (HIPAA Notice) set forth above, including the statements and omissions recited in the claims

below and (b) the placement of the 'fbp' cookie on patient computing devices disguised as a first-party cookie on Defendant's Website rather than a third-party cookie from Meta.

**ANSWER:** Paragraph 238 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

239. Defendant acted with the intent to defraud in that it willfully invaded and took Plaintiff's and Class Members' property rights (a) to the confidentiality of Private Information and their right to determine whether such information remains confidential and exclusive right to determine who may collect and/or use such information for marketing purposes and (b) to determine who has access to their computing devices.

**ANSWER:** Paragraph 239 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

240. As such, Defendants cannot viably claim any exception to ECPA liability.

**ANSWER:** Paragraph 240 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

241. Plaintiff and Class Members have suffered damages as a direct and

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

proximate result of Defendant's invasion of privacy in that:

a. Learning that Defendant has intruded upon, intercepted, transmitted, shared, and used their individually identifiable patient health information (including information about their medical symptoms, conditions, and concerns, medical appointments, healthcare providers and locations, medications and treatments, and health insurance and medical bills) for commercial purposes has caused Plaintiff and the Class Members to suffer emotional distress;

b. Defendant received substantial financial benefits from its use of Plaintiff's and Class Members' individually identifiable patient health information without providing any value or benefit to Plaintiff or the Class Members;

c. Defendant received substantial, quantifiable value from its use of Plaintiff's and Class Members' individually identifiable patient health information, such as understanding how people use its website and determining what ads people see on its website, without providing any value or benefit to Plaintiff or the Class Members;

d. Defendant has failed to provide Plaintiff and the Class Members with the full value of the medical services for which they paid, which included a duty to maintain the confidentiality of their patient information; and

e. The diminution in value of Plaintiff's and Class Members' PII and PHI and the loss of privacy due to Defendant making sensitive and confidential information, such as patient status, test results, and appointments that Plaintiff and Class Members intended to remain private no longer private.

**ANSWER:** Paragraph 241 of the Complaint contains legal conclusions to

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

which no answer is required. To the extent an answer is required, Exer denies the allegations.

242. As a result of Defendant's violation of the ECPA, Plaintiff and Class Members are entitled to all damages available under 18 U.S.C. § 2520, including statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000, equitable or declaratory relief, compensatory and punitive damages, and attorney's fees and costs.

**ANSWER:** Paragraph 242 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT**

**Cal. Penal Code §§ 630, *et seq*.**

**(On behalf of Plaintiff & the California Class)**

243. Plaintiff repeats and re-alleges each and every allegation contained in the Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 243 of the Complaint, Exer incorporates by references its responses to Paragraphs 1-242 as if fully stated herein.

244. The California Invasion of Privacy Act ("CIPA") is codified at California Penal Code §§ 630 to 638.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 244 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

245. CIPA begins with its statement of purpose:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

Cal. Penal Code §§ 630

California Penal Code § 631(a) provides, in pertinent part:

> Any person who, by means of any machine, instrument, or contrivance, or in any other manner . . . willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500)[.]

**<u>ANSWER</u>:** There are no factual allegations directed at Exer in Paragraph 245

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

to admit or deny. To the extent any allegations are directed at Exer, they are denied.

246. A defendant must show it had the consent of all parties to a communication.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 246 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

247. At all relevant times, Defendant aided, employed, agreed with, and conspired with Facebook and other third parties to track and intercept Plaintiff's and California Subclass Members' internet communications while using the Website, specifically by installing and configuring the Pixel to permit Facebook to eavesdrop on and intercept in real-time the content of Plaintiff's and California Subclass Members' private communications with Defendant.

**ANSWER:** Paragraph 247 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

248. The content of those conversations included Private Information, such as highly sensitive PHI. Through Defendant's installation and configuration of the Pixels on its Web Properties, these communications were intercepted by Facebook during the communications and without the knowledge, authorization, or consent of Plaintiff and California Subclass Members.

**ANSWER:** Paragraph 248 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

allegations.

249. Defendant intentionally inserted an electronic device into its Web Properties that, without the knowledge and consent of Plaintiff and California Subclass Members, transmitted the substance of their confidential communications with Defendants to a third party.

**<u>ANSWER</u>:** Paragraph 249 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

250. Defendant willingly facilitated Facebook's and other third parties' interception and collection of Plaintiff's and California Subclass Members' private medical information by embedding the Pixel(s) on the Website, thereby assisting Facebook's eavesdropping.

**<u>ANSWER</u>:** Paragraph 250 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

251. The following items constitute "machine[s], instrument[s], or contrivance[s]" under the CIPA, and even if they do not, the Pixel falls under the broad catch-all category of "any other manner":

a. The computer codes and programs Facebook and other third parties used to track Plaintiff's and California Subclass Members' communications while they were navigating the Website;
b. Plaintiff's and California Subclass Members' browsers;

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

c. Plaintiff's and California Subclass Members' computing and mobile devices;

d. Facebook's web and ad servers;

e. The web and ad servers from which Facebook and other third parties tracked and intercepted Plaintiff's and California Subclass Members' communications while they were using a web browser to access or navigate the Website;

f. The computer codes and programs used by Facebook and other third parties to effectuate its tracking and interception of Plaintiff's and California Subclass Members' communications while they were using a browser to visit the Website; and

g. The plan Facebook and other third parties carried out to effectuate its tracking and interception of Plaintiff's and California Subclass Members' communications while they were using a web browser or mobile application to visit the Website.

**ANSWER:** Paragraph 251 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

252. Defendant failed to disclose that it uses the Pixels to track and automatically and simultaneously transmit highly sensitive personal communications to a third party. Defendant is necessarily aware that these communications are confidential as their Website Privacy Notices acknowledge the confidential nature of PHI and disclaims that it is being shared with unidentified third parties without Plaintiff's and California Subclass Members' express authorization.

**ANSWER:** Paragraph 252 of the Complaint contains legal conclusions to

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

which no answer is required. To the extent an answer is required, Exer denies the allegations.

253. The patient communication information that Defendant transmits while using the Pixel and tracking technologies constitutes protected health information.

**ANSWER:** Paragraph 253 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

254. As demonstrated hereinabove, Defendant violates CIPA by aiding and permitting third parties, including Facebook and its agents, employees, and contractors to receive its patients' online communications in real time through its Web Properties without their consent. Facebook specifically receives the content of these communications and understands it, as the FID is assigned by Facebook and Facebook must understand the content in order to process it and link it to individual Users so that Facebook may target advertising to those persons based on their healthcare choices.

**ANSWER:** Paragraph 254 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

255. By disclosing Plaintiff Gaige and the California Subclass Members' private health information, Defendant violated Plaintiff's and California Subclass Members' statutorily protected right to privacy.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 255 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

256. As a result of the above violations and pursuant to CIPA Section 637.2, Defendant is liable to Plaintiff and California Subclass Members for treble actual damages related to their loss of privacy in an amount to be determined at trial, or for statutory damages in the amount of $5,000 per violation. Section 637.2 specifically states that "[i]t is not a necessary prerequisite to an action pursuant to this section that the Plaintiff has suffered, or be threatened with, actual damages."

**ANSWER:** Paragraph 256 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

257. Under the statute, Defendant is also liable for reasonable attorney's fees, litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Defendant in the future.

**ANSWER:** Paragraph 257 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**COUNT III**

**VIOLATIONS OF THE CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT**

**Cal. Civ. Code §§ 56, *et seq*.**

**(On behalf of Plaintiff Gaige & the California Subclass)**

258. Plaintiff repeats and re-alleges each and every allegation contained in the Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 258 of the Complaint, Exer incorporates by references its responses to Paragraphs 1-257 as if fully stated herein.

259. The California Confidentiality of Medical Information Act, California Civil Code §§ 56, et seq. ("CMIA") prohibits health care providers from disclosing medical information relating to their patients without patient authorization. "Medical information" refers to "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care . . . regarding a patient's medical history, mental or physical condition, or treatment. 'Individually Identifiable' means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual[.]" CAL. CIV. CODE § 56.05.

**ANSWER:** There are no factual allegations directed at Exer in Paragraph 259 to admit or deny. To the extent any allegations are directed at Exer, they are denied.

260. Defendant is a "provider of health care" as defined by California Civil Code § 56.06(b).

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 260 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

261. Plaintiff and California Subclass Members are patients, and, as health care providers, Defendant had an ongoing obligation to comply with the CMIA's requirements. As set forth above, device identifiers, web URLs, Internet Protocol (IP) addresses, and other characteristics that can uniquely identify Plaintiff and California Subclass Members are transmitted from within the State of California to Defendants in combination with patient medical conditions, medical concerns, treatment(s) sought by the patients, and doctors viewed along with the medical specialty of the doctor(s) searched for and viewed by patients. This is protected health information under the CMIA.

**ANSWER:** Paragraph 261 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

262. This private medical information is intercepted and transmitted within the State of California to third parties including Facebook and its agents, employees, and contactors via Defendant's knowing and intentional decision to embed enabling software into its Web Properties.

**ANSWER:** Paragraph 262 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the

allegations.

263. Facebook ID is also an identifier sufficient to allow identification of an individual. Along with patients' Facebook ID, Defendant discloses to third parties including Facebook and its agents, employees, and contactors several pieces of information regarding patient use of its Web Properties including but not limited to the following: patient medical conditions, medical concerns, treatment(s) sought by the patients, and medical specialty of the doctor(s) searched for by patients.

**ANSWER:** Paragraph 263 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

264. The information described above constitutes medical information pursuant to the CMIA because it is patient information derived from a provider of health care regarding patients' medical treatment and physical condition, and this medical information is linked with individually identifying information. CAL. CIV. CODE § 56.05(i).

**ANSWER:** Paragraph 264 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

265. As demonstrated hereinabove, Defendant failed to obtain its patients' authorization for the disclosure of medical information and fails to disclose in their Website Privacy Notice that it shares protected health information with Facebook or

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

other third parties for marketing purposes.

**ANSWER:** Paragraph 265 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

266. Pursuant to CMIA Section 56.11, a valid authorization for disclosure of medical information must be: (1) "Clearly separate from any other language present on the same page and is executed by a signature which serves no other purpose than to execute the authorization;" (2) signed and dated by the patient or his representative; (3) state the name and function of the third party that receives the information; and (4) state a specific date after which the authorization expires. Accordingly, the information set forth in Defendant's Website Privacy Notice does not qualify as a valid authorization.

**ANSWER:** Paragraph 266 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

267. As described above, Defendant is violating the CMIA by disclosing its patients' medical information to third parties, including Facebook and its agents, employees, and contractors along with the patients' individually identifying information. Accordingly, Plaintiffs and California Subclass Members seek all relief available for Defendant's CMIA violations.

**ANSWER:** Paragraph 267 of the Complaint contains legal conclusions to

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

which no answer is required. To the extent an answer is required, Exer denies the allegations.

268. Plaintiff Gaige and Class Members seek statutory damages, compensatory damages, punitive damages, attorney fees, and costs of litigation for Defendant's violation(s) of the CMIA.

**ANSWER:** Paragraph 268 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**COUNT IV**

**INVASION OF PRIVACY—CALIFORNIA CONSTITUTION**

**ART. 1 § 1**

**(On behalf of Plaintiff Gaige & the California Subclass)**

269. Plaintiff Gaige repeats the allegations contained in the paragraphs above as if fully set forth herein and bring this count on behalf of himself and proposed California Subclass.

**ANSWER:** In response to Paragraph 269 of the Complaint, Exer incorporates by references its responses to Paragraphs 1-268 as if fully stated herein.

270. Plaintiff Gaige and California Subclass Members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential communications and protected health information; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various internet sites

without being subjected to wiretaps without Plaintiff's and California Subclass Members' knowledge or consent.

**ANSWER:** Paragraph 270 of the Complaint is a statement of Plaintiff's position, and contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

271. At all relevant times, by using Facebook's and other third parties' tracking pixel(s) to record and communicate patients' FIDs and other individually identifying information alongside their confidential medical communications, Defendant intentionally invaded Plaintiff's and California Subclass Members' privacy rights under the California Constitution.

**ANSWER:** Paragraph 271 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

272. Plaintiff and California Subclass Members had a reasonable expectation that their communications, identity, health information, and other data would remain confidential, and that Defendant would not install wiretaps on its Web Properties to secretly transmit communications to a third party.

**ANSWER:** Paragraph 272 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

273. Plaintiff and California Subclass Members did not authorize Defendant

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

to record and transmit Plaintiff's and California Subclass Members' private medical communications alongside their personally identifiable health information.

**ANSWER:** Paragraph 273 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

274. This invasion of privacy is serious in nature, scope, and impact because it relates to patients' private medical communications. Moreover, it constitutes an egregious breach of the societal norms underlying the privacy right.

**ANSWER:** Paragraph 274 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

275. As a result of Defendant's actions, Plaintiff and California Subclass Members have suffered harm and injury, including but not limited to an invasion of their privacy rights.

**ANSWER:** Paragraph 275 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

276. Plaintiff and California Subclass Members have been damaged as a direct and proximate result of Defendant's invasion of their privacy and are entitled to just compensation, including monetary damages and an injunction that prevents Defendant from engaging in the same or similar conduct in the future.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**ANSWER:** Paragraph 276 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

277. Plaintiff and California Subclass Members seek appropriate relief for their injuries, including but not limited to damages that will reasonably compensate Plaintiff and California Subclass Members for the harm to their privacy interests as a result of the intrusion(s) upon Plaintiff's and California Subclass Members' privacy.

**ANSWER:** Paragraph 277 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

278. Plaintiff and California Subclass Members are further entitled to punitive damages resulting from the malicious, willful, and intentional nature of Defendant's actions, directed at injuring Plaintiff and California Subclass Members in conscious disregard of their rights. Such damages are needed to deter Defendant from engaging in such conduct in the future.

**ANSWER:** Paragraph 278 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

279. Plaintiff seeks all other relief as the Court may deem just, proper, and available for invasion of privacy under the California Constitution.

**ANSWER:** Paragraph 279 of the Complaint contains legal conclusions to

which no answer is required. To the extent an answer is required, Exer denies the allegations.

**COUNT V**

**INVASION OF PRIVACY**

**(Intrusion upon Seclusion)**

**(On Behalf of Plaintiff Gaige and the Class)**

280. Plaintiff repeats and re-alleges each allegation contained in the Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 280 of the Complaint, Exer incorporates by references its responses to Paragraphs 1-279 as if fully stated herein.

281. The Private Information of Plaintiff and Class Members consists of private and confidential facts and information that were never intended to be shared beyond private communications.

**ANSWER:** Paragraph 281 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

282. Plaintiff and Class Members had a legitimate expectation of privacy regarding their Private Information and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

**ANSWER:** Paragraph 282 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

283. Defendant owed a duty to Plaintiff and Class Members to keep their Private Information confidential.

**ANSWER:** Paragraph 283 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

284. Defendant owed a duty to Plaintiff and Class Members not to give publicity to their private lives to Facebook and Google and, by extension, other third-party advertisers and businesses who purchased Facebook's and Google's advertising services.

**ANSWER:** Paragraph 284 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

285. Plaintiff and Class Members had a reasonable expectation of privacy given Defendant's representations, HIPAA Notice and HIPAA generally. Moreover, Plaintiff and Class Members have a general expectation that their communications regarding healthcare with their healthcare providers will be kept confidential.

**ANSWER:** Paragraph 285 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

286. Defendant's unauthorized disclosure of Plaintiff's and Class Members' Private Information to Facebook and Google, third-party social media, and marketing

giants, is highly offensive to a reasonable person.

**ANSWER:** Paragraph 286 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

287. Defendant's willful and intentional disclosure of Plaintiff's and Class Members' Private Information constitutes an intentional interference with Plaintiff's and the Class Members' interest in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

**ANSWER:** Paragraph 287 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

288. Defendant's conduct constitutes an intentional physical or sensory intrusion on Plaintiff's and Class Members' privacy because Defendant exceeded its authorization to access Plaintiff's and Class Members' information and facilitated Facebook's and Google's simultaneous eavesdropping and wiretapping of confidential communications.

**ANSWER:** Paragraph 288 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

289. Defendant failed to protect Plaintiff's and Class Members' Private

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Information and acted knowingly when it installed the Tracking Technologies onto its Website because the purpose of the Tracking Technologies is to track and disseminate individual's communications with the Website for the purpose of marketing and advertising.

**ANSWER:** Paragraph 289 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

290. Because Defendant intentionally and willfully incorporated the Tracking Technologies into its Website and encouraged patients to use that Website for healthcare purposes, Defendant had notice and knew that its practices would cause injury to Plaintiff and Class Members.

**ANSWER:** Paragraph 290 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

291. As a proximate result of Defendant's acts and omissions, the private and sensitive PII and PHI of Plaintiff and the Class Members was disclosed to third parties without authorization, causing Plaintiff and the Class to suffer damages.

**ANSWER:** Paragraph 291 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

292. Plaintiff, on behalf of himself and the Class Members, seek

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

compensatory damages for Defendant's invasion of privacy, which includes the value of the privacy interest invaded by Defendant, loss of time and opportunity costs, plus prejudgment interest, and costs.

**ANSWER:** Paragraph 292 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

293. Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and the Class since their Private Information is still maintained by Defendant and still in the possession of Facebook, Google, and other third parties and the wrongful disclosure of the information cannot be undone.

**ANSWER:** Paragraph 293 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

294. Plaintiff and Class Members have no adequate remedy at law for the injuries relating to Defendant's continued possession of their sensitive and confidential records. A judgment for monetary damages will not undo Defendant's disclosure of the information to Facebook and Google who, on information and belief, continue to possess and utilize that information.

**ANSWER:** Paragraph 294 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

295. Plaintiff, on behalf of himself and the Class Members, further seek injunctive relief to enjoin Defendant from further intruding into the privacy and confidentiality of Plaintiff's and Class Members' Private Information and to adhere to its common law, contractual, statutory, and regulatory duties.

**ANSWER:** Paragraph 295 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Exer denies the allegations.

**COUNT VI**

**UNJUST ENRICHMENT**

**(On behalf of Plaintiff Gaige & the Nationwide Class)**

Count Six (Paragraphs 296-307 of the Complaint) was dismissed by order of the Court and has not been re-pleaded. Therefore, no response is required. To the extent a response is required, Exer denies the allegations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and Class Members, requests judgment against Defendant and that the Court grant the following:

A. For an Order certifying the Class and appointing Plaintiff and Counsel to represent such Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct alleged in this Complaint pertaining to the misuse and/or disclosure of the Private Information of Plaintiff and Class Members;

C. For injunctive relief requested by Plaintiff, including, but not limited to, injunctive and other equitable relief as is necessary to protect the

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

interests of Plaintiff and Class Members:

D. For an award of damages, including, but not limited to, actual, consequential, statutory, punitive, and nominal damages, as allowed by law in an amount to be determined;

E. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F. For prejudgment interest on all amounts awarded; and

G. Such other and further relief as this Court may deem just and proper

**ANSWER:** Exer denies that Plaintiff is entitled to any of the relief requested and denies every allegation not expressly admitted.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this matter be tried before a jury.

**ANSWER:** Exer demands a jury trial and denies every allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

Exer asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Exer reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

### First Affirmative Defense

The Court lacks subject matter jurisdiction because Plaintiff and the putative class members lack standing under Article III of the United States Constitution.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**Second Affirmative Defense**

Plaintiff and the putative class members fail to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because their personally identifiable information and protected health information was not collected or transmitted to unauthorized parties without their consent.

**Fourth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

**Fifth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because their reading of the ECPA, CMIA, and CIPA would be barred by the First Amendment of the United States Constitution.

**Sixth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged injuries or damages they claim were caused by third parties who are not employees or agents of Exer.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**Seventh Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because the acts, omissions, conduct, damages, loss, and/or injuries complained of were proximately caused by persons or entities other than Exer.

**Eighth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged damages, injuries, or loss were caused and brought about by a prior or subsequent intervening and superseding cause for which Exer had no responsibility or control over, by an unavoidable accident, by an act of God, or otherwise were substantially brought about by a cause or party not under the control of Exert and therefore, Exer is without fault.

**Ninth Affirmative Defense**

Plaintiffs' and the putative class members' claims are barred, in whole in part, because they have not suffered any injuries or incurred any damages.

**Tenth Affirmative Defense**

If Plaintiff or the putative class members have been injured or damaged, they are barred from recovery, in whole or in part, by their failure to mitigate injuries and their failure to mitigate damages.

**Eleventh Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because any injuries or damages resulted from their acts and/or omissions.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**Twelfth Affirmative Defense**

If Plaintiff or the putative class members have been injured or damaged, any damage, loss, or liability sustained by Plaintiff or the putative class members must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Exer under the principles of equitable allocation, recoupment, set-off, proportionate, responsibility, and comparative fault.

**Thirteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of waiver, estoppel, release, consent, and/or unclean hands.

**Fourteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the collateral source doctrine.

**Fifteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the voluntary payment doctrine.

**Sixteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the failure to join one or more indispensable parties.

**Seventeenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of election of remedies.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**Eighteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Exer did not breach any alleged contractual, statutory, regulatory, common law, or any other alleged duty owed to Plaintiff or the putative class members.

**Nineteenth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Exer complied with all applicable laws, regulations, rules, and statutes.

**Twentieth Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Exer did not act with intent to invade Plaintiff's or the putative class members' alleged privacy.

**Twenty First Affirmative Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Exer did not retain any benefit related to the alleged personal information of Plaintiff or the putative class members.

**Twenty Second Affirmative Defense**

Any claims of Plaintiff and the putative class members against Exer for punitive damages should be dismissed because an award of punitive damages would violate Exer's Due Process rights as guaranteed by the United States Constitution and the Due Process provisions of the Constitutions of the State of California, and any other applicable state.

**Twenty Third Affirmative Defense**

The Complaint fails to state sufficient facts to constitute a claim for recovery of attorneys' fees.

**Twenty Fourth Affirmative Defense**

This lawsuit is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23.

**Twenty Fifth Affirmative Defense**

Exer pleads any and all affirmative defenses contained in the Federal Rules of Civil Procedure which are supported by the facts, whether known or unknown at this time, as a complete or partial bar to the claims of Plaintiff and putative class members.

**Twenty Sixth Affirmative Defense**

Exer hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. Exer presently has insufficient knowledge or information upon which to form a believe as to whether it may have other, as yet unstated, affirmative defenses available. Exer asserts the foregoing Affirmative Defenses without the benefit of discovery from Plaintiff. Exer therefore reserves the right to amend or supplement its Affirmative Defenses to the extent any additional defenses become available or apparent during the course of discovery and at any time, including up to and at trial.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**PRAYER FOR RELIEF**

Exer prays for relief as follows:

1. For dismissal of Plaintiff's and the putative class members' Complaint with prejudice and judgment entered in favor of Exer;

2. That Exer be awarded its costs of suit, including reasonable attorneys' fees;

3. For one hundred percent of any liability, responsibility, and/or fault for the injuries, losses, damages, if any, of Plaintiff and the punitive class members be apportioned to them and/or one or more third parties not before the Court;

4. For a trial by jury on all issues so triable; and

5. For such further and other relief as the Court deems fair and just.

DATED: August 6, 2025

**WOOD, SMITH, HENNING & BERMAN LLP**

By: ______________________

CHRISTOPHER J. SEUSING
*(Admitted Pro Hac Vice)*
JACOB P. WILSON (SBN: 331448)
***Attorneys for Defendant, EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2025, I electronically filed the foregoing **DEFENDANT EXER HOLDING COMPANY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Matthew J. Langley<br>**ALMEIDA LAW GROUP LLC**<br>849 W. Webster Avenue<br>Chicago, Ill 60614<br>Tel: 773-554-9354<br>matt@almeidalawgroup.com | ***Attorneys for Plaintiff and the Proposed Class*** |

*/s/ Teresa Cabanday*
Teresa Cabanday