Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
Michelle Zhu (State Bar No. 347741)
mzhu@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
401 Wilshire Boulevard, Suite 1070
Santa Monica, CA 90401
Tel: 310-481-7702

***Attorneys for Defendant,***
***EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICK GAIGE, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

EXER HOLDING COMPANY, LLC,

Defendant.

Case No. 2:24-CV-06099-AH-AJR

*(The Honorable Anne Hwang Presiding, Courtroom 9C)*

**DEFENDANT EXER HOLDING COMPANY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**Hearing Date:** January 7, 2026
**Time:** 1:30 p.m.
**Courtroom:** 9C, 9th Floor
**Judge:** The Honorable Anne Hwang

Defendant, Exer Holding Company, LLC ("Defendant" or "Exer"), respectfully submits this opposition ("Opposition") to Plaintiff Nick Gage's ("Plaintiff") renewed Motion for Leave to Amend the Complaint (ECF No. 67).

## I. INTRODUCTION

Despite knowing the deadline for hearing any motion to add parties or amend pleadings since October 7, 2025, Plaintiff filed his initial Motion for Leave to Amend on November 12, 2025, providing Defendant with just seven (7) days' notice for a hearing. This was in direct violation of Local Rule 6-1, which requires at least twenty-eight (28) days' notice. Consequently, the Court denied the motion without prejudice on November 18, 2025, due to noncompliance with the notice requirement, which failed to allow adequate preparation time for both the opposing party and the Court. Plaintiff then renewed the motion on November 25, 2025, after the deadline had passed, without demonstrating the necessary diligence or unforeseen circumstances to justify the delay.

## II. PROCEDURAL HISTORY

On October 7, 2025, this Court issued a Civil Pretrial Schedule and Trial Order ("Scheduling Order"), which set the last date to hear a motion to amend pleadings or add parties as November 19, 2025. *See* ECF No. 61.

On October 28, 2025, Defendant and Plaintiff met and conferred by and through their counsel regarding Plaintiff's proposal to amend to add additional plaintiffs. At this time, Defendant notified Plaintiff of its intent to object to such

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

relief.

On November 12, 2025, only a week before the scheduled hearing, Plaintiff filed his first Motion for Leave to File Document. *See* ECF No. 64.

On November 18, 2025, this Court issues a minute order denying Plaintiff's initial Motion for Leave to File Amended Complaint without prejudice, noting Plaintiff's failure to comply with Local Rule 6-1 which requires that notice of motion be filed at least twenty-eight (28) days before the scheduled hearing date. *See* ECF No. 66.

On November 25, 2025, Plaintiff filed his renewed Motion for Leave to Amend. *See* ECF No. 67.

On December 4, 2025, Defendant served its discovery responses to Plaintiff's First Set of Interrogatories and Requests for Production.

As of the date of this Opposition, Plaintiff has failed to provide a single document in response to Defendant's discovery requests, which were served on July 24, 2025.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." *Id.*; *Breakdown Services, Ltd. v. Now Casting, Inc.*, 550 F.Supp.2d 1123 (2007). However, when a party seeks to amend a complaint after the deadline set forth in a scheduling order has passed, the party must first satisfy the "good cause" standard under Fed. R. Civ. P. 16(b)(4)

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

before the court considers Fed. R. Civ. P. 15(a).

The Ninth Circuit recognized that the court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(quoting Fed.R.Civ.P. 16 advisory committee's note)); *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012)(quoting Johnson 975 F.2d, at 609). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. "If that party was not diligent, the inquiry should end[,]" and the court need not consider the Rule 15(a) standard. *Id*.

Only if the movant establishes good cause under Rule 16(b) does the analysis proceed to Rule 15(a), under which courts consider factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility, with prejudice carrying the greatest weight. *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 477 (E.D. Cal. 2022).

## IV. PLAINTIFF HAS NOT SHOWN GOOD CAUSE UNDER RULE 16(B)(4)

Rule 16(b)(4) places the burden on Plaintiff to show diligence, and the focus is on the moving party's reasons for modification and whether the pretrial schedule could not reasonably be met despite diligence. *Morgal*, 284 F.R.D. at 460; *United States ex rel. Olhausen v. Arriva Med., LLC,* 511 F. Supp. 3d 1278, 1282 (S.D. Fla. 2021). Specifically, to determine a party's diligence, a court may consider: "(1) the

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

party's diligence in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply." *Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D.Cal.1999)). The Ninth Circuit highlighted that in addition to "creating a workable Rule 16 scheduling order", the moving party must also "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation" since "'[g]ood-faith compliance with [ ] Rule 16 plays an important role in this process.'" *Jackson*, 186 F.R.D., at 607 (quoting *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir.1991)).

Here, Plaintiff did not assist in creating a workable schedule diligently. First, Plaintiff had known of the hearing deadline since October 7, 2025, through the Scheduling Order, yet failed to "adhere to that schedule" with diligent effort as Plaintiff could have noticed the pending motion earlier or sought timely relief to adjust the schedule. Second, there were no unforeseen developments as Plaintiff identifies no adequate reason between October 7, 2025 and the deadline of November 19, 2025, that rendered compliance impossible. Third, Plaintiff's belated efforts—waiting from October 7, 2025, until October 28, 2025, to confer and then only asserting action after November 10, 2025—underscores a reactive, last-minute

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

approach. Consequently, the Court denied Plaintiff's initial motion to leave to amend as Local Rules 6-1 requires notice of motion be filed at least twenty-eight (28) days before the scheduled hearing date. *See* ECF No. 66. In fact, Plaintiff filed the initial motion on November 12, 2025 — only one week before the set hearing, which did not provide adequate time for Defendant or the Court. *Id.* Accordingly, these facts preclude a finding of diligence.

Further, the Ninth Circuit noted that a party fails to show good cause if the proposed amendment is based on information that the party knew or should have known before the deadline. *L. Z. v. BigAirBag B.V.*, 721 F. Supp. 3d 169, 179 (D. Conn. 2024)(quoting *Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2021 WL 4248887, at *36 (D. Conn. Sept. 17, 2021)). Here, as aforementioned, Plaintiff was well aware of the ordered deadline as it was set by the Court on October 7, 2025. Yet Plaintiff offers no clear explanation why it could not have moved earlier. Plaintiff suggests that he only secured additional plaintiffs after the Scheduling Order issued on October 7, 2025. However, the litigation has been aggressively pursued for over a year since July 19, 2024; there was more than ample time to identify additional named plaintiffs. Nonetheless, Plaintiff only "secured the engagement" of additional plaintiffs about two weeks before the last date to hear a motion to amend pleadings or add parties. Plaintiff provides no supportive ground to demonstrate that he could not have known or added additional plaintiffs earlier. *See Jackson*, 186 F.R.D. at 608 (holding that the plaintiff failed to show good cause because the plaintiff failed to

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

explain "whether the information prompting [the] [p]laintiff to seek an amendment now was unknown to her before the Rule 16 Scheduling Order issued.") Such a timeline underscores that, with proper notice and planning, any amendment could have been sought within the schedule.

Moreover, the Ninth Circuit has consistently held that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *See e.g. Morgal*, 284 F.R.D. at 460; *Johnson*, 975 F.2d at 609; *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018). Here, Plaintiff's compressed timeline is self-created. While the Scheduling Order has been issued since October 7, 2025, Plaintiff nonetheless waited until October 28 to initiate conferring, which creates an avoidable time crunch that burdens the Court's calendar and prejudices Defendant by forcing motion practice and scheduling burdens against an imminent deadline. Compliance with the Local Rules is straightforward and apparent from the plain language of the rules themselves. Yet in Plaintiff's renewed motion, Plaintiff only asserts he secured additional plaintiffs after the Scheduling Order, but offers no reason why the Scheduling Order's hearing deadline could not reasonably be met "despite diligence." Without a concrete, external impediment, Plaintiff's actions only suggest self-created timing issues with "carelessness," so that it is "not compatible with a finding of diligence and offers no reason for a grant of relief."

More importantly, Defendant has diligently complied with its discovery obligations by serving responses to Plaintiff's First Set of Interrogatories and Requests

for Production. In contrast, Plaintiff has failed to provide a single document in response to Defendant's discovery requests, which were served over five (5) months ago. For the purpose of Rule16(b)(4), Plaintiff's failure to engage in meaningful discovery reflects a lack of diligence, undermining their ability to justify the proposed amendment. If Plaintiff cannot fulfill basic discovery obligations, it casts doubt on their capacity and collaboration to manage the additional complexities of amending the complaint to add new parties. This lack of compliance in discovery further supports the argument that Plaintiff has not met the necessary diligence required under Rule 16(b). *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022) (finding that the failure to engage in discovery demonstrated a lack of diligence and did not support good cause for extending deadlines.)

In sum, Plaintiff's careless time management, deficient discovery production, and failure to provide a clear explanation for any intervening or unforeseeable developments demonstrate a lack of diligence. These shortcomings fall short of the good cause requirement mandated by Rule 16(b)(4). Therefore, the motion to leave for amend should be denied.

## V. ALLOWING PLAINTIFF'S AMENDMENT WOULD SUBSTANTIALLY PREJUDICE DEFENDANT UNDER RULE 15(A)

Courts have consistently held that when a party seeks to amend a pleading after the deadline set in a pretrial scheduling order, the motion is governed first by Rule 16(b) and only secondarily by Rule 15(a). *Pizana*, *supra*, 345 F.R.D., at 477

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

(citing *Johnson*, *supra*, 975 F.2d at 607-08). Nonetheless, even if good cause is found under Rule 16(b), the Court should deny Plaintiff's motion under Rule 15(a).

While courts generally have broad discretion in granting leave to amend under Rule 15(a), the rule requires consideration of factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Id*. at 478. Particularly, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d at 1052. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). The Ninth Circuit held that such substantial prejudice is found when "the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

The Ninth Circuit routinely finds prejudice where adding new plaintiffs (or class representatives) would expand discovery, necessitate new motion practice, and require a shift in defense strategy. For example, in *Roling v. E*Trade*, the court denied a motion and held that "adding [the proposed claimant] as a plaintiff—and potential class representative—is of questionable benefit to Plaintiffs' case" because "[t]he substance of [proposed plaintiff]'s claims is similar to that of the current Plaintiffs." *Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 526 (N.D. Cal. 2012) .

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

Similarly, the court denied a motion to substitute new plaintiffs in a class action in *Payton v. CSI Electrical*, reasoning that it would require new discovery and force defendant to adjust their defense strategy, which constitute undue prejudice. *Payton v. CSI Elec. Contractors, Inc.*, 27 Cal. App. 5th 832, 850, 238 Cal. Rptr. 3d 571, 586 (2018).

Here, akin to *Roling* and *Payton*, the amendment would require a materially new defense course at a late stage in the case schedule, including:

1) Extended discovery: Defendant would need to serve tailored interrogatories, requests for production, and requests for admission on each new proposed class representative, review a large amount of new documents, manage corresponding meet-and-confer and motion practice, all while the last date to hear motion for class certification is already set for April 22, 2026.

2) Discovery Deficiency: Additionally, Plaintiff's failure to provide a single document as of the date of this Opposition in response to Defendant's discovery requests exacerbates the prejudice, impairing Defendant's ability to litigate the case or prepare effective defense strategies as Defendant has been left without critical information. *Cf. In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227, 1236 (9th Cir. 2006) (recognizing that the failure to produce documents as ordered is considered "sufficient prejudice" for purposes of ordering discovery sanction even if "there is belated compliance" as it can impair the opposing party's ability to respond effectively to amended

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

pleadings.)

3) Depositions: Defendants would have to take three new plaintiffs' depositions and re-sequence the deposition schedule anchored around the existing Plaintiff's December 2025 deposition, straining already tight timelines.

4) Third-party discovery: Individualized third-party subpoenas may be necessary given person-specific issues (e.g., PII, unique URLs, portal usage) that vary by individual, multiplying custodian identification, subpoena compliance, and privilege/privacy review.

5) Class issues: Defendants would be compelled to re-assess and brief standing, typicality, and adequacy for class certification as to each new proposed representative, including expert work and supplemental briefing, thereby altering the defense strategy and class certification record.

These steps would substantially expand the scope and costs of the litigation and compress pretrial preparation against a set deadline to hear class certification motion and a trial date, precisely the "substantial negative effect" that constitutes undue prejudice. *See SAES Getters*, 219 F. Supp. 2d at 1086; *Morongo*, 893 F.2d at 1079. The inefficiency is compounded because the proposed new plaintiffs purportedly present the same claims substantially similar to the existing Plaintiff, offering marginal incremental benefit to Plaintiff's case while imposing significant burdens on Defendants. Therefore, the Court should deny leave under Rule 15(a).

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

## VI. THERE IS UNDUE DELAY FOR THE PURPOSE OF RULE 15(A)

The timing of the motion to add plaintiffs is another critical factor. Undue delay supports denial of leave where the amendment would disrupt case management and require new discovery and motion practice. *See Pizana*, 345 F.R.D. at 478.

In *Gonzalez v. Diamond Resorts International Marketing, Inc.*, the court highlighted that "class action attorneys are expected to locate appropriate class representatives 'at the inception of the litigation' and an attempt to add class representatives years later when the case is at or beyond the class certification stage would be untimely." *Id.*, No. 218CV00979APGNJK, 2020 WL 4925702, at *5 (D. Nev. Aug. 21, 2020). The court further noted that even if plaintiffs recently learned of potential new class representatives, delay in seeking amendment would be undue if the legal and factual bases for the claims were known at the time of the original complaint. *Id*. at *4. More importantly, the Ninth Circuit has regularly found undue delay when several months pass between the movant knowing the basis for a claim and the time of seeking leave to amend. *Id.*; *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, Plaintiffs waited over a year into this litigation—after discovery began and the trial date was set—to seek the addition of three new individuals simultaneously. This timing reflects a lack of diligence, as Plaintiff could have but failed to promptly identify or add appropriate class representatives earlier. As previously explained, adding these new class representatives now, with substantially

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

similar claims, offers little benefit to the case while significantly expanding the scope of discovery and increasing Defendant's burdens at a critical stage. This is precisely the type of prejudice courts aim to prevent when trial dates are established and discovery is underway. Furthermore, Plaintiff does not provide a clear and adequate explanation for why these individuals could not have been identified and proposed earlier, despite ample opportunities during initial investigations, Rule 26 disclosures, ongoing discovery, and depositions. Waiting until this late juncture only amplifies the prejudice to Defendant.

As mentioned above, Plaintiff has failed to provide a single document to respond to Defendant's discovery as of the date of this Opposition. Plaintiff's deficient discovery responses contribute to undue delay, as they have not provided essential information needed for the case to progress efficiently. This delay hampers the litigation timeline and postpones the orderly progression of the case, which is contrary to the principles of Rule 15(a). The failure to provide timely discovery responses indicates a lack of readiness to proceed with the proposed amendments, further justifying denial of the motion.

## VII. CONCLUSION

In conclusion, Plaintiff has failed to demonstrate good cause under Rule 16(b)(4), lacking the necessary diligence to justify altering the pretrial schedule. Additionally, the proposed amendment would result in undue prejudice to the Defendant, as outlined under Rule 15(a), by significantly disrupting case management

and imposing substantial burdens at a late stage without adding significant benefit to the case. Accordingly, Plaintiff's motion should be denied to maintain the integrity of the court's schedule and ensure fairness to all parties involved.

WHEREFORE, pursuant to the applicable rules and case law, Defendant Exer Holding Company, LLC respectfully requests that this Court deny Plaintiff's motion to amend.

DATED: DECEMBER 16, 2025 WOOD, SMITH, HENNING & BERMAN LLP

By: ______________________________

MICHELLE ZHU
CHRISTOPHER J. SEUSING
(*Admitted Pro Hac Vice*)
JACOB P. WILSON
***Attorneys for Defendant,***
***EXER HOLDING COMPANY, LLC***

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CA 90401

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2025, I electronically filed the foregoing: **DEFENDANT EXER HOLDING COMPANY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO LEAVE FOR AMEND COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew J. Langley, Esq.
**ALMEIDA LAW GROUP, LLC**
849 W. Webster Avenue
Chicago, IL 60614
Tel: 773-554-9354
matt@almeidalawgroup.com

***Attorneys for Plaintiff,***
***NICK GAIGE and the Proposed Class***

*/s/ Teresa Cabanday*
Teresa Cabanday