Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 773-554-9354
matt@almeidalawgroup.com

*Attorney for Plaintiff & the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICK GAIGE, *on behalf of himself and all others similarly situated*,

Plaintiff,

vs.

EXER HOLDING COMPANY, LLC,

Defendant.

No. 2:24-cv-06099-AH-AJR

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**Hearing Date:** January 7, 2026
**Hearing Time:** 1:30 p.m.
**Courtroom:** 9C, 9th Floor
**Judge:** Hon. Anne Hwang

## INTRODUCTION

Contrary to the narrative advanced by Defendant Exer Holding Company, LLC ("Exer") in its opposition ("Opposition") to Plaintiff's Motion For Leave to File Amended Complaint ("Motion"), Plaintiff Nick Gaige was diligent in seeking to add plaintiffs Natalie Gianne ("Gianne"), Nicole Seidlin ("Seidlin"), and Casey Kassal ("Kassal"). Plaintiff filed his initial motion for leave to amend just over 30 days after the Court issued the Scheduling Order and prior to the deadline to add parties though, as the Court rightly noted, without the requisite 28 day notice prior to the hearing date. Plaintiff then filed his renewed Motion just seven days after the denial of his initial motion. Moreover, Plaintiff filed his Motion without the benefit of Defendant's discovery responses to Plaintiff's first set of discovery requests served on August 12, 2025.[1] Plaintiff's diligence in moving to amend to add the additional plaintiffs at this early stage of the litigation in order to help preserve the claims of the absent class members demonstrates the good cause needed to meet the Rule 16 standard.

Defendant's Rule 15 arguments fare no better. Defendant has failed to establish prejudice or undue delay where the close of discovery is almost a year away and Plaintiff is not seeking to extend any of the dates set by the Court's Scheduling Order. Plaintiff has worked diligently to add the proposed additional plaintiffs at this early stage of the case in order to protect the interests of the class without needing to modify the scheduling order, and prior to Defendant taking any depositions or producing substantive discovery responses. This diligent response demonstrates good cause to grant Plaintiffs' motion and allow Gianne, Seidlin, and Kassal, to protect the interests of the absent class members.

---

[1] Defendant failed to provide any responses to Plaintiff's discovery requests until December 4, 2025.

## ARGUMENT

### I. Good Cause Exists to Amend the Complaint.

The "good cause" analysis under Rule 16(b) turns on the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff was diligent in seeking leave from the Court to file the proposed amended complaint to add new plaintiffs. On October 7, 2025, the Court issued a Civil Pretrial Schedule and Trial Order. Dkt. No. 61 ("Scheduling Order") which set the last date to hear a motion to amend pleadings or add parties as November 19, 2025. *Id.* at 3. After finding, vetting, and signing plaintiffs who could adequately represent the absent class members, meeting and conferring with counsel for Defendant, drafting both the amended complaint and the initial motion for leave, Plaintiff moved to amend on November 12, 2025. *See* Dkt. No. 64. Plaintiff filed his motion a little more than one month after the Scheduling Order was issued and one week before the deadline to hear the motion to add parties - though admittedly not in time to meet Local Rule 6-1's requirement to provide notice 28 days before the hearing.[2] Plaintiff then filed his renewed motion on November 25, 2025, just seven days after the Court's order denying, without prejudice, Plaintiff's initial motion. *See* Dkt. Nos. 66 & 67. These facts demonstrate diligence under Rule 16(b).

The case upon which Defendant relies supports such a finding. In *L.Z. v. BigAirBag B.V.*, 721 F. Supp. 3d 169, 179 (D. Conn. 2024), the court granted in part the plaintiff's motion for leave to amend, finding specifically that "Plaintiff's three-month delay in submitting the proposed [second amended complaint] to the Court does not in itself suggest a lack of diligence."[3] Here, Plaintiff filed his motion

---

[2] To meet this requirement, Plaintiff would have had to file the notice of motion by October 22, 2025, just two weeks after the issuance of the Scheduling Order.

[3] The Court in *L.Z.* denied plaintiff's motion as to two counts because it found that reinstatement

much sooner, roughly a month after the issuance of the Scheduling Order and within weeks of the time needed to notice the hearing date. Moreover, the three additional plaintiffs that Plaintiff seeks to add were not identified and signed as plaintiffs until October 3, 2025 (for Gianne), October 7, 2025 (for Siedlin), and October 31 (for Kassal). *See* Declaration of Matthew J. Langley, attached hereto as Exhibit A ("Langl. Dec."), ¶3. Plaintiff then worked as diligently as possible to verify and gather information to confirm their status as class members who are able to represent the class, amend the complaint, meet and confer with Defendant, and draft the motion for leave to amend. *Id*.

Importantly, as Plaintiff stated in its Motion, amending to add these plaintiffs will protect the claims of the absent class members and, at this early stage, will prevent the need for potential amendment later should any of the plaintiffs, during class certification, prove to be inadequate to represent the proposed class. Siedlin, Gianne, Kassal have identical claims to Plaintiff Gaige and share common questions of law and fact. Adding Siedlin, Gianne, and Kassal with the diligence that Plaintiff demonstrated here satisfies Rule 16(b). *See Whelan v. Indus.*, 2012 WL 12920688, at *3 (N.D. Cal. Sept. 12, 2012) (holding that "Plaintiff has made a sufficient showing of good cause to amend the complaint to add plaintiffs pursuant to Rule 16" where plaintiff "was diligent in seeking to amend the complaint only thirty-three days after the Rotundis volunteered to serve as named plaintiffs"); *Peguero v. Toyota Motor Sales, USA, Inc.*, 2021 WL 3524129, at *4 (C.D. Cal. June 10, 2021) (granting plaintiffs' Motion to Modify the Scheduling Order and for Leave to File a Second Amended Complaint to add additional plaintiffs and finding that plaintiffs filing their motion within 30 days of court's order on defendant's motion to dismiss demonstrated diligence sufficient to demonstrate good cause

---

of those counts which were previously dismissed would be futile.

pursuant to Rule 16).

In its Opposition, Defendant argues, first, that Plaintiff did not assist in creating a workable schedule diligently because he "waited" a matter of weeks to meet and confer with Defendant and filed his initial motion two days after receiving a final response from Defendant regarding its failure to consent to Plaintiff's motion. *See* Dkt. No. 70 at 4-5. But as Plaintiff has demonstrated, it acted diligently in moving to add the new plaintiffs. Soon after those plaintiffs were identified and vetted, the parties met and conferred, and the amended complaint and motion for leave were drafted.

Defendant also represents to the Court that the "the litigation has been aggressively pursued for over a year since July 19, 2024" and that "Defendant has diligently complied with its discovery obligations by serving responses to Plaintiff's First Set of Interrogatories and Requests for Production." Opp. at 5-7. What Defendant fails to include in its timeline is that Defendant filed a Motion to Dismiss and Strike Class Allegations that was not decided until January 30, 2025. *See* Dkt. No. 43. The parties began, almost immediately after the Court's January 30, 2025 Order, to engage in talks regarding early resolution. *See* Langl. Dec., ¶4. Defendant filed a stipulation to extend their deadline to answer the Amended Complaint by 60 days, or until April 28, 2025, which the Court granted. *See* Dkt. Nos. 45 & 48. Then, the day that answer would have been due, the parties filed a motion to stay the case pending mediation, which the Court also granted. *See* Dkt. Nos. 49 & 50. The case was then stayed and, as stated in their August 6, 2025 joint status report, the parties were unable to reach resolution during their mediation. *See* Dkt. No. 52. Defendant filed its answer to the Amended Complaint on August 6, 2025, and the Court vacated the October 9, 2025 scheduling conference and issued the Scheduling Order on October 7, 2025.

The Parties exchanged discovery requests shortly after the mediation concluded. *See* Langl. Dec., ¶5. Plaintiff served responses and objections to

Defendant's discovery requests on August 25, 2025, including responses to Defendant's interrogatories. *See* Langl. Dec., ¶5. However, despite its representations to the contrary, Defendant failed to provide any responses to Plaintiff's discovery requests, which were served on August 12, 2025, until December 4, 2021 – weeks after Plaintiff filed his motions for leave to amend. *Id*. Contrary to Defendant's representations, Defendant has not been diligent in its discovery obligations and placed Plaintiff in the position of securing and moving to amend to add the additional plaintiffs without the benefit of Defendant's discovery responses.

Because Plaintiff has acted with the requisite diligence required by Rule 16 in moving to amend the Complaint to include additional plaintiffs, his motion for leave to amend should be granted. *See Dean v. Colgate-Palmolive Co*., 2017 WL 11585683, at *6 (C.D. Cal. May 15, 2017) (granting plaintiff's motion to modify the discovery schedule by adding an additional plaintiff and finding plaintiff acted with sufficient diligence where plaintiff discovered issues regarding plaintiff's adequacy on February 7, 2017 and filed motion on March 28, 2017 – 49 days later).

## II. Defendant Has Not Met Its Burden to Show that It Will Be Prejudiced by the Amendment.

As the party opposing leave to amend, Defendant bears the burden of showing "*substantial* prejudice" to overcome Rule 15(a)'s liberal amendment policy. *Barrios v. City of Los Angeles*, 2025 WL 547127, at *2 (C.D. Cal. Jan. 7, 2025) (citation omitted) (emphasis in original); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In its opposition to Plaintiff's motion seeking leave to amend, Defendant argues that it would be prejudiced by the proposed amendment because it would be required to engage in additional discovery, including by the possibility of serving additional discovery requests, conducting additional depositions, and serving "individualized third-party subpoenas." Opposition at 9-10. Yet, additional

discovery obligations that may result from the amendment do not constitute "substantial prejudice" necessary to overcome Rule 15(a)'s liberal amendment policy. Indeed, as courts in this district routinely recognize, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party itself constitutes a sufficient showing of prejudice." *Bowen v. Target Corp.*, 2019 WL 9240985, at *4 (C.D. Cal. Nov. 12, 2019) (quotation marks and citation omitted); *Pyara v. Sysco Corp.*, 2016 WL 6897251, at *3 (E.D. Cal. Nov. 23, 2016) (same); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 667171, at *2 (N.D. Cal. Mar. 10, 2009). Rather, "[w]ithout the risk of delay to scheduled deadlines or hearings, 'the prejudice Defendant[ ] complain[s] of is nothing more than the inconvenience always present when a party is required to defend against a lawsuit.'" *Bowen*, 2019 WL 9240985, at *5 (quoting *Davis v. Soc. Serv. Coordinartors, Inc.*, 2011 WL 3207818, at *2 (E.D. Cal. July 28, 2011)).

Nevertheless, Defendant contends that the "Ninth Circuit routinely finds prejudice where adding new plaintiffs (or class representatives) would expand discovery, necessitate new motion practice, and require a shift in defense strategy." Opp. at 8 (citing *Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 526 (N.D. Cal. 2012); *Payton v. CSI Elec. Contractors, Inc.*, 27 Cal. App. 5th 832, 850 (2018)). Setting aside the fact that neither of these decisions were issued by the Ninth Circuit, neither supports Defendant's position. The court in *Roling* determined that allowing an amendment that added a plaintiff would be prejudicial because the parties had already completed discovery. *Roling*, 279 F.R.D. at 525 (The "Court is persuaded that . . . adding [the proposed additional plaintiff] to the lawsuit at this point in the proceedings would be unfairly prejudicial. Class discovery, as well as discovery on the individual claims of the named plaintiffs, has already closed."). In contrast, the discovery cut-ff in the instant case is November 4, 2026, more than ten months from now.

Defendant's reliance on *Payton* is also misplaced. There, the California Court of Appeal held that the trial court did not abuse its discretion in denying the plaintiff's request for leave to substitute himself for another class representative after the trial court denied his motion for class certification. *Payton*, 27 Cal. App. 5th at 850. As the Court of Appeal noted, "[p]ermitting [the plaintiff] to amend now, after [defendants] successfully opposed the original class certification motion, would require [defendants] to shoot at a 'moving target' in opposing certification." *Id.* For that reason, the Court of Appeal stated that the plaintiff "should have sought to add or substitute a more suitable class representative before filing his motion for class certification." *Id.* at 851. This is entirely distinguishable from the instant case, as Plaintiff has not filed a class certification motion, and the Court's deadline for Plaintiff to do so is not until April 22, 2026. *See* Dkt. No. 61 at 3. As such, Defendant will not be required to "shoot at a 'moving target'" in the instant case and, instead, will have sufficient time to develop the necessary factual record to oppose Plaintiff's anticipated motion for class certification next year.[4]

For these reasons, Defendant has not satisfied its burden to show the "substantial prejudice" necessary to overcome Rule 15(a)'s liberal amendment

---

[4] Defendant's citations to *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002) and *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) are also inapposite. In *SAES Getters*, the court *granted* the defendant's motion seeking leave to amend its answer to add a new counter-defendant. *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1087. And, in *Morongo Band of Mission Indians*, the Ninth Circuit affirmed the district court's decision to deny the plaintiff's motion for leave to file an amended complaint after the original complaint was dismissed for lack of subject-matter jurisdiction because, *inter alia*, the amended complaint added entirely new claims arising under federal law—based on the Racketeer Influenced and Corruption Organizations Act, or RICO, and federal criminal depredation and trespass statutes—that "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians*, 893 F.3d at 1079. In contrast, Plaintiff's amended complaint does not seek to add any additional claims. *See* Dkt. No. 68-1.

policy, and the Court should, therefore, grant Plaintiff's motion for leave to file an amended complaint.

**III. Plaintiff's Actions Do Not Constitute Undue Delay.**

Though Exer argues against amendment because, according to Defendant Plaintiff moved with undue delay, the Ninth Circuit has found that "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186 (reversing court's denial of motion to amend). Moreover, as discussed above, Plaintiff made both his original and renewed Motion while discovery is still in its early stages and before Defendant had responded or produced documents as to Plaintiff's first set of discovery requests, with the close of discovery almost a year away, and without the need to extend any of the dates set by the Court's Scheduling Order. This does not constitute undue delay. *See Fin. Pac. Leasing Inc. v. RVI Am. Ins. Co.*, 2023 WL 4321855, at *16 (W.D. Wash. July 3, 2023) (granting motion to amend finding no undue delay where "this case is relatively young. Discovery does not close until April 2024, dispositive motions are not due until May 2024, and trial is over a year away")

Defendant misconstrues the record in an attempt to make an argument for undue delay. Opp. at 11-12. As explained above, Plaintiff did not "wait over a year" to move to add the new plaintiffs. Rather, after the denial of Defendant's motion to dismiss the parties moved to stay the case and attempt to find an early resolution to the litigation (including participation in the mediation in late July 2025). *See* Lang. Dec., ¶4. Plaintiff then moved to amend prior to Defendant responding to a single discovery request, just over a month after the Court issued its Scheduling Order, and almost a year before the close of discovery.

The case Defendant relies upon to support its undue delay argument is inapposite. Unlike here, in *Gonzalez v. Diamond Resorts International Marketing, Inc.*, 2020 WL 4925702, at *5 (D. Nev. Aug. 21, 2020), a case from a district court in Nevada, plaintiff moved to amend to add, not just new plaintiffs, but also two

new state law claims, 22 months after the case had been filed, where there was no stay or mediation, and only after class certification had been briefed and decided. In addition, as the court in *Gonzalez* makes clear, undue delay is not sufficient grounds to deny leave to amend standing alone but, at best, will only militate against allowing leave to amend. *Id*. *4.

Finally, Defendant's representations as to the parties' conduct in these early stages of discovery are misleading at best. *See* Opp. at 12. As Plaintiff has explained, Plaintiff did timely respond to Defendant's discovery requests, including providing interrogatory responses. *See* Langl. Dec., ¶5. And Plaintiff has now provided Defendant with supplemental interrogatory responses and documents responsive to Defendant's requests for production. *See* Langl. Dec., ¶6. Meanwhile, Defendant failed to provide timely responses to Plaintiff's discovery requests and had not provided a single interrogatory response or produced a single document at the time Plaintiff filed his renewed Motion to amend. Plaintiff's Motion did not constitute undue delay and the Court should grant his motion allowing the addition of the Gianne, Seidlin, and Kassal as plaintiffs to represent the class.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for leave to file an Amended Complaint.

Dated: December 24, 2025

/s/ *Matthew J. Langley*
Matthew J. Langley
**ALMEIDA LAW GROUP LLC**
849 W Webster Avenue
Chicago, IL 60614
Tel: (773) 554-9354
matt@almeidalawgroup.com

*Attorney for Plaintiff & the Proposed Class*